## CHARLES S. HEINRICH *et al.*

*v.*

## BURADELLA G. SIMPSON.

66    57
142   527

ACKNOWLEDGMENT OF DEED—*sufficiency of certificate to release wife's dower.* In order to make a deed of the husband's real estate, executed by him and his wife, operative as a valid release of the wife's dower, it is necessary that the certificate of her acknowledgment should show that she was personally known by the officer taking the same to be the person named as grantor in the deed.

APPEAL from the Circuit Court of Marshall county.

This was a petition by the appellee for dower in a tract of land which formerly belonged to her husband, James S. Simpson. It appears, from an agreed statement of facts, that James S. Simpson and Buradella G., his wife, on the 15th day of September, 1858, executed a warranty deed for the premises in which the dower was sought, to one Aaron Barlow. The following is a copy of the certificate of the acknowledgment of the same :

"STATE OF ILLINOIS, } *ss.*
    *Putnam County.*     }

        I, Joseph D. McCarty, notary public in and for said county, in State aforesaid, do hereby certify that James S. Simpson, who is personally known to me as the real person whose name is subscribed to the above deed, appeared before me this day in person, and acknowledged that he executed and delivered the said deed, as his free and voluntary act, for the uses and purposes therein set forth.

And the said Buradella Simpson, wife of the said James Simpson, having been by me examined separate and apart and out of the hearing of her said husband, and the contents and meaning of said deed having been by me made known and fully explained to her, acknowledged that she had freely and

voluntarily executed the same, and relinquished her dower to the lands and tenements therein mentioned, without compulsion of her said husband, and that she does not wish to retract the same.

Given under my hand and seal this 15th day of September, in the year of our Lord one thousand eight hundred and fifty-eight.

J. D. McCARTY,
*Notary Public.*"

[L. S.]

The court below held that the wife did not release her dower by such deed and the acknowledgment thereof, and that she was entitled to dower. The only question submitted by the agreed case was the sufficiency of this deed and acknowledgment to relinquish the wife's dower.

Messrs. BURNS & BARNES, for the appellants.

Messrs. BANGS & SHAW, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The only question arising on this record is, whether, in order to make a deed of the husband's real estate, executed by himself and his wife, operative as a valid release of her dower in the land, it is necessary that it should appear by the certificate of the wife's acknowledgment that she was known by the officer taking the same to be the person named as grantor in the deed.

This question has several times been decided by this court in the affirmative. *Gove* v. *Cather*, 23 Ill. 634; *Tully* v. *Davis*, 30 ib. 103; *Lindley* v. *Smith*, 46 ib. 524.

We adhere to those decisions.

The decree of the court below is affirmed.

*Decree affirmed.*