## WILLIAM MURPHY

### *v.*

## MARY E. WILLIAMSON.

1. EJECTMENT—*practice—proof of possession.* The statute of 1872, providing that it shall not be necessary, in actions of ejectment, for the plaintiff to prove the defendant's possession, etc., unless his possession, etc., is denied by special plea verified by affidavit, applies to actions brought before its passage, as well as those after, it relating to the remedy or practice only.

2. SAME—*notice to quit, when necessary.* Where the relation of landlord and tenant exists, and the tenant has long been in possession with the owner's consent, it may not be wrongful until demand of possession has been made; but a different rule prevails where the entry was unlawful. In such case no notice to quit is necessary before bringing ejectment.

3. EVIDENCE—*attacking judicial proceedings collaterally.* If the court has jurisdiction of the subject matter and of the parties, in a proceeding for partition, the decree and partition can not be attacked collaterally for mere errors.

4. ACKNOWLEDGMENT OF DEED—*by married woman.* The deed of a married woman, executed and acknowledged in 1862, where the certificate of acknowledgment fails to state that she was personally known to the officer as the real person whose name was signed, etc., is void, the certificate being fatally defective.

APPEAL from the Circuit Court of Clark county; the Hon. O. L. DAVIS, Judge, presiding.

Messrs. DULANEY & GOLDEN, for the appellant.

Messrs. WILKIN & WILKIN, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by Mary E. Williamson, in the circuit court of Clark county, against William Murphy, to recover certain lands situated in Clark county. The action was commenced on the 19th day of September, 1870. The trial was had at the December term, 1873, but the court held the case under advisement until the November term, 1875, when judgment was rendered in favor of the plaintiff, to reverse which the defendant appealed.

It is urged, as a ground of reversal, that the proof does not show defendant in the possession of the premises at the time the action was brought. The return of the sheriff on the summons did not show that the defendant was in the possession of the premises. In such a case, under the statute in force when the action was commenced, the plea of not guilty put in issue the possession. Gross' Stat. 1869, p. 235, sec. 12. The statute, however, which took effect July 1, 1872, and was in force when the cause was tried, established a different practice. Section 21 of the act declared, the plea of not guilty shall not put in issue the possession of the premises by the defendant, or that he claims title or interest in the premises; and section 22 provides, it shall not be necessary for the

plaintiff to prove that the defendant was in possession of the premises, or claims title or interest therein, at the time of bringing the suit, or that the plaintiff demanded the possession of the premises, unless the defendant shall deny that he was in such possession, or denies title or interest therein, or that demand of possession was made, by special plea verified by affidavit. Laws of 1871–72, p. 372. This statute was in force when the cause was tried, and must control. It applied as well to actions pending as those that should be commenced after its passage. The legislature had the power to change the rules of practice in relation to the proofs and pleading in actions, and if the defendant, after the passage of the act, desired to present the issue in regard to the possession of the premises, he should have filed a plea as provided by the act. This he failed to do; and, under the issue, plaintiff was not bound to prove defendant in possession.

It is next urged, that the defendant was entitled to notice to quit, before action brought. Where possession of lands has been acquired by the assent of the owner and has been long continued, the holding of possession may not be wrongful until demand of possession has been made. A different rule, however, prevails where the entry was wrongful in its inception, or has become so afterwards. *Chicago, Burlington and Quincy Railroad Co.* v. *Knox College*, 34 Ill. 195. It no where appears, in this case, that the defendant entered with the consent of the plaintiff, or that the relation of landlord and tenant existed. On the other hand, the defendant claimed to own the fee and entitled to hold possession as such owner. Under such circumstances a notice to quit could not be required.

It appears from the evidence in this case, that John Handy died seized of the premises. Appellee was a daughter and heir. Thomas Handy, who was also an heir, filed a petition in the circuit court of Clark county, at the September term, 1850, for the purpose of dividing the lands of the deceased between the heirs. All the heirs of the said John Handy, deceased, were made parties to the petition, and such as were

defendants were brought into court by service of summons upon them, or by publication of notice in such manner as was required by the statute. Commissioners were appointed and the land in question was set off to the plaintiff, and the report of the commissioners was confirmed.

The proceedings in the partition case were read in evidence by the plaintiff, for the purpose of establishing her title to the land in controversy. Various objections have been urged against the validity of those proceedings, some of which might be regarded as well taken, if the proceedings had been brought up for review on appeal or writ of error, but when they are attacked collaterally, a different rule prevails. The court had jurisdiction of the parties and of the subject matter, and did adjudicate in the case, and the determination, although erroneous, can not be attacked collaterally. *Mulford* v. *Stalzenback*, 46 Ill. 303; *Huls* v. *Buntin*, 47 Ill. 396. Many other cases sustaining this position might be cited, but the doctrine is so well settled that the citation of other authorities is not deemed necessary.

The decree shows that the parties in interest were all properly before the court. A final decree was rendered dividing the lands of John Handy, deceased, among his heirs. In that partition the lands in question were set off to the plaintiff, and, although error may have intervened, appellant can not avail of those errors on the trial of this action.

The defendant, on the trial, offered to read in evidence, a deed executed by the plaintiff and her husband on the 20th day of April, 1852, she then being a married woman, conveying the premises to Ober and Shultz. The court excluded the deed on the ground it was not acknowledged in the mode required by the statute then in force, authorizing a married woman to convey her lands. This decision is relied upon as error. The defect in the certificate of acknowledgment of the justice of the peace was, that he did not state therein that the wife was personally known to him as the real person whose name was signed to the deed, as having executed the same. The defect in the acknowledgment was fatal to the deed. At

the time the deed was executed a married woman could only convey her lands in the mode prescribed by the statute, one of the requirements of which was, the officer taking the acknowledgment should certify that the wife was personally known to him. The deed was not voidable, but void, for the reason that the requirements of the statute, which authorized a conveyance, were not followed. *Lindley* v. *Smith*, 58 Ill. 250.

The-ruling of the court excluding the deed was correct, and the decision of the court in favor of the plaintiff was in conformity to the evidence, and it will be affirmed.

*Decree affirmed.*

Mr. JUSTICE SCHOLFIELD having been of counsel in this case in the court below, on the first trial, took no part in its decision.