FRANCIS M. YOCUM

v.

ANDREW J. LOVELL.

*Filed at Springfield September 27, 1884.*

1. HOMESTEAD—*as to the mode of its release.* The statute does not require that the name of the husband or wife of the grantor of land shall appear in the granting clause, or elsewhere in the body of the deed, in order to a valid release of the estate of homestead.

2. A deed of trust on real estate occupied by a husband and wife as a homestead, contained a clause expressly relinquishing and releasing the homestead, and the deed was signed and duly acknowledged by both, though the wife's name did not appear in the granting clause, or elsewhere in the body of the deed: *Held,* that the deed was sufficient to pass the homestead both of the husband and wife.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Pike county; the Hon. S. P. SHOPE, Judge, presiding.

This action was forcible detainer, commenced by Andrew J. Lovell, against Francis M. Yocum, before a justice of the peace, to recover possession of a half section of land, described by its numbers. On the trial before the justice of the peace defendant was found guilty, and judgment rendered against him. On his appeal the case was tried *de novo* in the circuit court, and that court found defendant not guilty as to one quarter section, and guilty as to the other quarter section, and rendered judgment for possession, and awarded execution for costs. That judgment was affirmed in the Appellate Court for the Third District, and the judges of that court having certified that in their opinion the case involves questions of law of such importance as that they should be passed upon by the Supreme Court, defendant brings the case to this court on error.

Mr. J. S. IRWIN, for the plaintiff in error:

It is not sufficient to release the wife's interest in land that she sign and acknowledge the deed. Her name must be in the deed as one of the grantors, and she must use words of conveyance or release. *McFarland* v. *Febiger*, 7 Ohio, 194; *Leavitt* v. *Lamphrey*, 13 Pick. 383; *Catlin* v. *Ware*, 9 Mass. 218; *Stevens* v. *Owens*, 25 Maine, 94; *Lufkin* v. *Curtis*, 13 Mass. 223; *Powell* v. *Monson*, 3 Mason, 349; *Hall* v. *Savage*, 4 id. 273; *Westfall* v. *Lee*, 7 Iowa, 12; *Lothrof* v. *Foster*, 51 Maine, 367; 3 Washburn on Real Prop. 257; *Lithgow* v. *Kavenaugh*, 9 Mass. 173; *Purcell* v. *Goshorn*, 17 Ohio, 105; *Dodge* v. *Nickols*, 5 Allen, 548; *Bartlett* v. *Bartlett*, 4 id. 440; *Melvin* v. *Proprietors*, 16 Pick. 137; *Bruce* v. *Wood*, 1 Metc. 542; *Cox* v. *Wells*, 7 Blackf. 410; *Cincinnati* v. *Newhall*, 7 Ohio St. 37; *Raymond* v. *Holden*, 2 Cush. 264; *Agricultural Bank* v. *Rice*, 4 How. 225; *Peabody* v. *Hewitt*, 52 Maine, 50; *Greenough* v. *Taylor*, 11 Gray, 332; *Hodge* v. *Hollister*, 2 Tenn. 606; *Sharp* v. *Bailey*, 14 Iowa, 387; *Payne* v. *Parker*, 10 Maine, 178; *Jewett* v. *Davis*, 10 Allen, 70; *Warner* v. *Peck*, 10 R. I. 431; *Kern* v. *Peeler*, 4 Jones, (N. C.) 226; *Gray* v. *Matthis*, 7 id. 502; *Hammond* v. *Thompson*, 56 Ala. 591; *Lawrence* v. *Heister*, 3 H. & J. 371; *Baxter* v. *Bodkin*, 25 Ind. 172; *Hedges* v. *Ward*, 15 B. Mon. 106; *Ayres* v. *Hawks*, 1 Bradw. 600.

There must be a formal release of the homestead,—a release of fee or dower is not sufficient. *Kitchell* v. *Burgwin*, 21 Ill. 45; *Vanzant* v. *Vanzant*, 23 id. 536; *Boyd* v. *Cudderback*, 31 id. 113; *Smith* v. *Miller*, id. 157; *Warner* v. *Crosby*, 89 id. 320; *Best* v. *Gholson*, id. 465.

The homestead right may be set up by the husband, in ejectment or forcible detainer. *Warner* v. *Crosby*, 89 Ill. 320; *Best* v. *Gholson*, id. 465; *Panton* v. *Manley*, 4 Bradw. 210; *Bonnell* v. *Smith*, 53 Ill. 375; 35 id. 106; *Johnson* v. *Adleman*, id. 265; *Trustees* v. *Hovey*, 94 id. 394.

The release or waiver must be joined in by the wife and husband, both in the deed and acknowledgment. Rev. Stat. 1874, chap. 30, secs. 11, 27, and chap. 52, sec. 4; *Ayres* v. *Hawks,* 1 Bradw. 600; *Warner* v. *Crosby,* 89 Ill. 320; *Best* v. *Gholson,* id. 465; *Richards* v. *Green,* 73 id. 57; Thompson on Homestead, sec. 474; *Trustees* v. *Hovey,* 94 Ill. 394; 35 id. 106.

Words of grant or lease are required in every deed. The intention to convey must appear from the words used. *Johnson* v. *Bantock,* 38 Ill. 111.

. Taking a lease by a husband, is not a waiver of homestead as against the wife. *Booker* v. *Anderson,* 35 Ill. 66; *Buck* v. *Conlogue,* 49 id. 391; *Allen* v. *Hawley,* 66 id. 171; *Morrison* v. *Sargeant,* 18 Iowa, 90; *Wood* v. *Lord,* 51 N. H. 448; *Abbott* v. *Cromartie,* 72 N. C. 548; Thompson on Homestead, sec. 470.

Messrs. Matthews, Wike & Higbee, for the defendant in error:

It is sufficient to release the wife's interest in the land of her husband, that she sign, seal, acknowledge and deliver the deed. It is not necessary that her name appear in the body of the deed as one of the grantors, and this same rule applies to the interest of the husband in his wife's land. 3 Washburn on Real Prop. 266, sec. 31; *Elliot* v. *Sleeper,* 2 N. H. 525; Coke on Littleton, 6 a; *Lord Say and Seal's Case,* 10 Mod. 46; *Miller* v. *Shaw,* 103 Ill. 277; *Woodbury* v. *Seaver,* 38 N. H. 29; 4 Bacon's Abridg. 513; *Lithgow* v. *Kavenaugh,* 9 Mass. 161; *Johnson* v. *Montgomery,* 51 Ill. 185; *Deutzer* v. *Walden,* 30 Cal. 138; *Armstrong* v. *Stovall,* 26 Miss. 275.

When persons sign a bond they are bound by it, though their names do not appear in its body. *Smith* v. *Crooker,* 5 Mass. 540; *Ahrend* v. *Odiorne,* 125 id. 50; *Leath* v. *Bush,* 61 Pa. St. 395; *Scheed* v. *Liebschultz,* 57 Ind. 38; *Kursely* v. *Shenberger,* 5 Watts, 193.

A deed will be construed most strongly against the grantor. 3 .Washburn on Real Prop. 397, and cases cited; 2 Blackstone's Com. 380.

Every deed must, if possible, be made operative. Cases exist in which almost every formal part of a deed has been dispensed with. Coke on Littleton, 7 a; *Bridge* v. *Wellington*, 1 Mass. 219.

In the transfer of the homestead right the acknowledgment is made a part of the deed. (Rev. Stat. 1874, chap. 52, sec. 4, and chap. 30, sec. 27.) But even if the two deeds of trust were neither of them properly executed and acknowledged to release the right of homestead, yet the plaintiff in error having, after the making of the trustee's deeds, accepted a lease and paid rent under the same, he has thereby given possession of the premises "pursuant to the conveyance," which, under the present statute, amounts to a conveyance. Rev. Stat. 1874, chap. 52, sec. 4; *Winslow* v. *Noble*, 101 Ill. 195; *Barrett* v. *Wilson*, 102 id. 302; *Eldridge* v. *Pierce*, 90 id. 482.

Whatever right the wife may have in relation to the homestead, is subordinate to the right of the husband while he lives and continues to be the head of the family. *Redfern* v. *Redfern*, 38 Ill. 509; *Clubb* v. *Wise*, 64 id. 157; *Buck* v. *Conlogue*, 49 id. 391; *Brown* v. *Coon*, 36 id. 243; *Burson* v. *Fowler*, 65 id. 146.

The wife of plaintiff in error is not a party to this suit, and if she has not properly released her right of homestead she may have her relief in equity. *Booker* v. *Anderson*, 35 Ill. 67; *Abbott* v. *Cromartie*, 72 N. C. 292; 21 Am. Rep. 457.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

On and prior to the 3d day of November, 1877, defendant, Yocum, was the owner and was in possession of the land involved in this litigation. To secure certain indebtedness, defendant on that day executed and delivered to John A.

Thomas a trust deed on the lands involved, which deed contained the usual power of sale in case default should be made in the payment of the note secured. Afterwards, on the 22d day of November, 1877, in order to secure another sum of money, defendant made and executed another trust deed on the same property to A. L. Galloway, which deed also contained the usual power of sale. It appears default was made in the payment of the note secured by both trust deeds, and the trustees named therein regularly advertised the property for sale, according to the provisions of the deeds. At the sale made of the property, plaintiff became the purchaser, and received deeds therefor in the usual form from the trustees making the sales. As to the regularity of the sale no question is made, nor as to the validity of defendant's title at the time of making the trust deeds.

It is proven the indebtedness secured on the property was not incurred for the purchase money, nor for any improvements in the property; that defendant is the head of a family, and resided with them on the property at the time of making the trust deed, and has since continued to reside with his family on the quarter section as to which he was found guilty of withholding from plaintiff. It was also proved the wife of the grantor had never consented to abandon the premises or her homestead on the same, or that the grantor might do so, otherwise than expressed in the deeds of trust, and that the grantor had not, at any time before or since the bringing of this suit, provided any other homestead or place of residence for his wife and family suitable to their condition, or otherwise. There is also evidence that after plaintiff became the purchaser of the land, defendant became his tenant, but in the view taken by the court that fact in the case will not become important, and the evidence on this branch of the case need not be stated.

On the trial, defendant objected to the reading of both trust deeds in evidence, on the ground that neither of them was

so executed as in law to bar or cut off the homestead of defendant, or that of his wife residing with him on the premises. It is conceded the acknowledgment of the trust deed to Galloway by the husband does not bar his homestead in the property, and it will not be further noticed. The objection taken to the trust deed to Thomas, under which the property was sold to plaintiff, is, that although the signatures of both the husband and wife appear signed to the deed, yet it is solely the deed of the husband. The name of the wife of the grantor nowhere appears in the granting clause, or elsewhere in the body of the deed. In the body of the deed all exemption of homestead is expressly relinquished, and the deed is subscribed by the wife of the grantor, and is acknowledged by her in conformity with the statute. That, it is thought, is all the statute requires to be done. Section 4, chapter 52, of the Revised Statutes of 1874, declares no release, waiver or conveyance of the estate of homestead so exempted shall be valid unless the same is in writing, subscribed by the householder and his wife, or her husband, if he or she have one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged. It will be observed all the statute requires to make the release, or waiver, or conveyance of the homestead, valid, is that such relinquishment shall be in writing, and subscribed by the husband or wife of the grantor, if he or she have one, and that it shall be acknowledged as conveyances are required to be acknowledged by the 27th section of the Conveyance act. That was done in this case. The wife of the grantor subscribed the deed relinquishing all exemption of homestead, and acknowledged the same as the law provides shall be done. The statute has not required that the name of the husband or wife of the grantor shall appear in the granting clause, or elsewhere in the body of the deed. Unless made so by statute, it is not imperative it shall so appear. It is sufficient

for a valid relinquishment of homestead that it is done in conformity with the statute.

A question having some analogy to the case now before the court, was passed upon by this court in *Miller* v. *Shaw,* 103 Ill. 277. The deed was that of a married woman, and it was insisted it was not sufficient to convey her separate property, because her husband did not join with her in the granting clause of the deed, and it was held, under the statute then in force, that which it required to be done to enable the wife to convey her separate property is, that she and her husband shall execute the deed, and after that she shall appear before a proper officer and acknowledge the same in the mode pointed out by the statute, and such deed being acknowledged or proved according to law by the husband, it would be effectual to pass the title to the separate property of the wife. In the case now being considered the wife joins with her husband in the release of the homestead in precisely the same manner as the husband did with the wife in the case cited, and that conforms to the provision of the 27th section of the Conveyance act of the Revised Statutes of 1874.

As the trust deed released all exemption from homestead, and was subscribed by the wife of the grantor, and was acknowledged in conformity with the statute, it must be regarded as sufficient to pass the homestead both of the husband and wife, and as this view is conclusive of the whole case, the other questions discussed need not be considered.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*