# SCHLEY *v.* PULLMAN CAR COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
NORTHERN DISTRICT OF ILLINOIS.

Submitted January 6, 1887. — Decided March 7, 1887.

An irregular act of practice by an attorney of record rebuked.

A deed, dated May 26, 1856, by C. L., grantor, described as "sister and heir-at-law of H. M.," and as "of the county of St. Clair and state of Michigan," which conveyed to the grantee a tract of land in Illinois, and was signed and sealed by C. L. and by W. L., the name of W. L. not appearing in the granting clause of the deed, and which was acknowledged May 27, 1856, by said "C. L. and W. L. her husband," *held* sufficient to pass said title of husband and wife, under the statute of Illinois of February 22, 1847, then in force, respecting the conveyance of lands or real estate situate in Illinois by a *feme covert* not residing within the state, and respecting her joining with her husband in the execution of the deed.

A magistrate's certificate, attached to a deed of land in Illinois, that on the 27th of May, 1856, personally came C. L. and W. L., her husband, "known

to me to be the persons who executed the foregoing instrument, and acknowledged the same to be their free act and deed," is equivalent to stating that they came before the officer, and were personally known to him to be the real persons who subscribed the deed, and in this respect complied with the requirements of the statutes of Illinois then in force.

An officer's certificate of the acknowledgment on the 27th May, 1856, of a deed of land in Illinois by a married woman, showing her privy examination separate and apart from her husband, and which shows that she, "fully understanding the contents of the foregoing instrument, acknowledged," &c., is a sufficient compliance with the statutes of the state in force at that time respecting the communicating the contents of such a deed to her.

EJECTMENT. Plea, general issue. Judgment for defendant. Plaintiff sued out this writ of error. The case is stated in the opinion of the court.

*Mr. S. Corning Judd, Mr. Albert Ritchie, Mr. W. Ritchie, Mr. E. B. Esher,* and *Mr. E. S. Judd,* for plaintiff in error.

*Mr. Alfred Ennis* for defendant in error.

MR. JUSTICE HARLAN delivered the opinion of the court.

This is an action of ejectment, in which the plaintiff in error claims title to certain real estate in Cook County, Illinois, of which Pullman's Palace Car Company is in possession. A jury having been waived, the case was tried by the court, pursuant to a stipulation between the parties, that judgment should be entered for the defendant if the court was of opinion that a certain deed was valid and binding as a conveyance by husband and wife of the real estate therein described.

The deed and the certificate of acknowledgment annexed thereto, referred to in the stipulation, is as follows:

"THIS INDENTURE, made this twenty-sixth day of May, in the year of our Lord one thousand eight hundred and fifty-six, witnesseth: That I, Christina Lynn, sister and heir-at-law of Henry Millspaugh, deceased, who was a recruit of Lieutenant T. W. Denton, of Thirteenth Regiment, United States Infantry, war of 1812, with Great Britain, of the county of St. Clair, and State of Michigan, party of the first part, in con-

sideration of the sum of forty-three dollars in hand paid by Milton & Thomas C. McEwen, of the county of Orange and State of New York, party of the second part, the receipt of which is hereby acknowledged, do hereby release, grant, bargain, and quit-claim unto the said party of the second part, their heirs and assigns, forever, all her right, title, claim and interest in that certain tract of land granted by the United States unto David Millspaugh and Christina Lynn, the brother and sister and only heirs-at-law of Henry Millspaugh, deceased, as follows, to wit: [Here follows a description of the land] . . .; to have and to hold the said premises, with all the appurtenances thereunto belonging or in anywise appertaining, to their only proper use, benefit and behoof of said parties of the second part, their heirs and assigns, forever.

"In witness whereof the said grantor– have hereunto set our hands and seals the day and year first above written.

"CHRISTINA LYNN. [SEAL.]
"WILLIAM LYNN. [SEAL.]

"Signed, sealed and acknowledged in presence of —
"MARY A. LYNN,
"OBED SMITH.

"STATE OF MICHIGAN, COUNTY OF ST. CLAIR, SS:
"On this twenty-seventh day of May, A.D. 1856, before me, a justice of the peace in and for said county of St. Clair, personally came Christina Lynn and William Lynn, her husband, known to me to be the persons who executed the foregoing instrument, and acknowledged the same to be their free act and deed; and the said Christina Lynn, having been by me privately examined separate and apart from the said husband, and fully understanding the contents of the foregoing instrument, acknowledged that she executed said deed freely and without any force or compulsion from her said husband or from any one.

"OBED SMITH,
*Justice of the Peace.*"

The court being of opinion that the deed was valid to pass to the grantees all the right, title, and interest of Christina

Lynn and William Lynn, her husband, in the real estate therein described, entered judgment for the defendant on its plea of not guilty.

Before entering upon the consideration of the case it is proper to notice the motion made in behalf of the plaintiff in error, to strike out certain parts of the printed argument filed by the counsel for the defendant in error. Notwithstanding the agreement, that the case should be heard in the court below upon the single question referred to in the stipulation, the counsel for the defendant in error states many things, which he declares to be "incontrovertible facts," and within the knowledge of opposing counsel, but which are wholly unsustained by anything in the record. The motion to strike out relates to those matters. The excuse given for this breach of professional propriety is "the extreme brevity of the record." But it is the same record upon which counsel for the company succeeded for his client, and which, by agreement, contained all that was to be submitted to the court. The excuse given furnishes no apology whatever for his violation of the terms of the stipulation, much less does it palliate his attempt to influence the decision here, by reference to matters not in the record, and which, he must have known, could not be taken into consideration. It is only necessary to say that the facts, *dehors* the record, which have been improperly introduced into the brief of the counsel for the defendant in error, have not in any degree influenced our determination of the case.

The plaintiff insists that the deed was void under the laws of Illinois, upon two grounds : 1. That the husband is not a party to the deed; 2. That the acknowledgment is defective.

In *Lane* v. *Soulard*, 15 Ill. 123, it was held that the Revised Statutes of Illinois of 1845 repealed all former laws on the subject of conveyances of real estate, and authorized married women within that state to convey land by joining with their husbands and acknowledging the deeds in a specified way; but that no provision was made for the conveyance by nonresident married women of their lands in Illinois until the passage of the act of February 22, 1847. See also *Higgins* v. *Crosby*, 40 Ill. 260; *Rogers* v. *Higgins*, 48 Ill. 211.

This case depends mainly upon the construction to be placed upon the second section of the latter act, which was in force when the deed of May 26, 1856, was executed. That section is as follows:

"When any *feme covert*, not residing in this state, being above the age of eighteen years, shall join with her husband in the execution of any deed, mortgage, conveyance, or other writing of, or relating to, any lands or real estate, situate within this state, she should thereby be barred of and from all estate, right, title, interest, and claims of dower therein, in like manner as if she was sole and of full age. And any such *feme covert* joining with her husband in the execution of a power of attorney or other writing, authorizing the sale, conveyance, or other disposition of lands or real estate as aforesaid, shall be bound and concluded by the same, in respect to the right, title, claim, or interest in such estate, as if she were sole and of full age as aforesaid; and the acknowledgment or proof of such deed, mortgage, conveyance, power of attorney, or other writing may be the same as if she were sole, and shall entitle such deed, mortgage, conveyance, power of attorney, or other writing to be recorded as is authorized by this act; and the provisions of this section shall apply to deeds, mortgages, conveyances, powers of attorney, and other writings heretofore, as well as those which may hereafter be executed." 2 Scates, Treat & Blackwell's Stat. Ill. 965; 1 Gross' Stat. Ill. c. 24, § 24; 1 Adams & Durham's Real Estate Stat. & Decisions of Ill. 175.

Did Christina Lynn, within the meaning of that statute, "join with her husband in the execution" of the deed of 1856? The plaintiff contends that she did not, because the name of the husband is not expressly designated in the body of the deed as a grantor. It is argued that as William Lynn, the husband, had during coverture a freehold interest jointly with his wife in her estate of inheritance, with absolute ownership of the rents and profits of the wife, the requirement in the act of 1847, that she should join him in the execution of any deed for real estate, was a recognition of his supremacy and right of control, and necessarily implied that he, as grantor, so

named in the granting or operating clauses, must pass whatever interest he had, and thereby, also, express his willingness that the wife should convey her title or estate. While this position is sustained by some adjudications, it is necessary to inquire as to the state of the local law; for the rights of the parties must be governed by the requirements of that law in respect to the mode in which real property situated within the limits of that state may be conveyed or transferred. *United States* v. *Crosby*, 7 Cranch, 115; *Clark* v. *Graham*, 6 Wheat. 577; *McCormick* v. *Sullivant*, 10 Wheat. 192, 202; *Suydam* v. *Williamson*, 24 How. 427, 433; *Brine* v. *Ins. Co.*, 97 U. S. 627.

In *Johnson* v. *Montgomery*, 51 Ill. 185, the question was whether dower was barred by a deed executed in 1853, in Ohio, conveying lands in Illinois belonging to the husband, the wife signing the deed and duly acknowledging it before a proper officer. But the wife was not named in the body of the deed, nor was her right of dower referred to therein in any way. It is true, as suggested by counsel for the plaintiff in error, that an inchoate right of dower is not a present estate in lands, and that the court in that case expressly waived any decision of the question whether the deed then before it would have been good under the act of 1847, and placed its decision entirely upon the 21st section of the statute of conveyances of 1845. That section provides that it shall be lawful "for any married woman to release her right of dower of, in, and to any lands and tenements whereof her husband may be possessed or seized, by any legal or equitable title during her coverture, by joining such husband in the deed or conveyance for the conveying of such lands and tenements, and appearing and acknowledging the same, &c., . . . which [certificate of privy examination] being recorded, together with the deed, duly executed and acknowledged by the husband according to law, shall be sufficient to discharge and bar the claim of such woman to dower in the lands and tenements conveyed by such deed or conveyance." 1 Adams & Durham, 133; Rev. Stat. Ill., 1845, 107. The court, after observing that the deed merely extinguished the wife's con-

tingent right of dower, and did not pass any estate she had in the land, said: "This precise question has not hitherto been presented, but we entertain no doubt it has always been supposed by both the people and the profession in this state that a married woman, signing her husband's deed, and being properly examined before an officer, and causing his certificate of that fact to be placed upon the deed, would bar her dower in the premises conveyed, although her name nowhere appeared in the body of the deed. By signing the deed she 'joins' in it, and having done this, her dower is barred if she takes the other steps pointed out by the statute," p. 191. This decision bears somewhat on the question as to what the local statutes mean when they require the wife to join with the husband in a conveyance of real estate.

In *Miller* v. *Shaw*, 103 Ill. 277, 291, one of the questions was whether a certain conveyance by a married woman, living in Illinois with her husband, passed the title to her separate real property situated in that state, the husband not joining with her in the granting clause of the deed. The statute in force when the deed was made prescribed the mode in which the husband and wife, residing in Illinois, could convey the real estate of the wife. Act of 1845, § 17, p. 106; 1 Adams & Durham, 127, 128. It made it lawful for the husband and wife to "execute" any grant, lease, deed, or conveyance of such estate. The court said: "That which this statute requires to be done to enable the wife to convey her separate property is, that she and her husband shall execute the deed, and after that she shall appear before a proper officer and acknowledge the same in the mode pointed out in the statute; and such deed being acknowledged or proved according to law by the husband, it will be as effectual to pass the title to the wife's separate property as the deed of an unmarried woman would be to convey her property. All this was done in this case. Both Mrs. Sheldon and her husband executed the deed to Ward, and afterwards she appeared before a proper officer and acknowledged it in conformity with the statute; and the acknowledgment of her husband to the deed being according to law, that seems to be all the law requires to be done to

make the deed effectual to pass the title to the wife's separate estate."

The latest case to which our attention has been called is *Yocum* v. *Lovell,* 111 Ill. 212. By a statute of Illinois every householder is declared to be entitled "to an estate of homestead," to a specified amount, in the farm or lot of land, and buildings thereon, owned or rightly possessed, by lease or otherwise, and acquired by him or her as a residence; such homestead and all right and title therein being exempted from attachment, judgment, levy, execution, or sale for the payment of his debts or other purposes, and from the laws of conveyance, descent and devise, as provided in that statute. The exemption continues after the death of the householder for the benefit of the surviving husband or wife, so long as he or she occupies such homestead, and of the children until the youngest child become twenty-one years of age. The statute, also, provides, that "no release, waiver or conveyance of the estate so exempted shall be valid, unless the same is in writing, subscribed by said householder and his or her wife or husband, if he or she have one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged, or possession is abandoned or given pursuant to the conveyance; or, if the exemption is continued to child or children, without the order of the court directing a release thereof." Rev. Stat. Ill., 1874, p. 497. In the case last cited, the question was whether a trust deed expressly relinquishing the homestead right, was effectual for that purpose, the name of the wife not appearing in the granting clause of the deed, though it was signed and duly acknowledged by herself and husband in conformity with the statute. The court held the deed to be sufficient to pass the interest of both husband and wife in the estate of the homestead — observing, that the statute did not require the name of the husband or wife to appear in the body of the deed. Referring to *Miller* v. *Shaw,* as presenting an analogous question, the court said: "In the case now being considered the wife joins with her husband in the release of homestead in precisely the same manner as the husband did with the wife in the case cited," p. 218.

While those cases do not cover the precise question under consideration, we are of opinion that under the principles announced in them, the deed of May 26, 1856, must be upheld as a valid transfer under the law of Illinois of the interest of Christina Lynn and her husband. If, as adjudged by the Supreme Court of the state, the wife, whose name did not appear in the operative clause of the husband's conveyance of his lands, is to be held as having joined him therein and surrendered her right of dower, by simply signing the deed and acknowledging it in conformity with the statute, and upon privy examination duly certified; if, under a statute making it lawful for husband and wife " to execute " a conveyance of her real estate, they will both be held to have executed a conveyance of her separate property where her name appears, but that of the husband does not appear, in the granting clause of the deed, but they both sign and acknowledge it in the mode required by law; and if the wife's " estate of homestead " can be conveyed by a deed, signed and duly acknowledged by herself and husband, her name, however, not appearing in the body of the deed; it would seem to follow that, within the meaning of the act of 1847, and according to the tendency of the decisions of the Supreme Court of the state, the wife joins with her husband in the execution of a conveyance of her estate of inheritance where her name alone appears in the granting clause, but the deed is signed by both herself and husband, is acknowledged by both, and is certified as required by law. Such conveyance, so signed, acknowledged, and certified, of the wife's land, seems to be as effectual, under the local law, to invest the grantee with the title and interest of both husband and wife as if his name had also appeared in the granting clause.

If, as suggested, the purpose of the act of 1847 in requiring the wife to join the husband in the execution of conveyances of her real estate was to protect her against strangers and secure his coöperation and counsel, that object was as fully accomplished by his signing and acknowledging the deed with her as it would have been by designating him in the body of the deed as co-grantor with the wife.

It is proper to· say that the question under consideration is not free from difficulty, and we should have been glad to be guided in our determination of it by an express. decision of the highest court of the state. The conclusion reached by us is more in harmony with what that 'court has held in cases somewhat analogous than would be a decision adjudging the deed of 1856 to be void.

One other question remains to be considered. It is contended that the certificate of acknowledgment is fatally defective for two reasons: 1st. It does not appear that Mrs. Lynn was 'personally known to the magistrate, or that she was proved by a credible witness to be the same person as the one who subscribed to the deed; 2d. It does not appear that she was informed of the contents of the deed.

In support of these objections, the counsel for the plaintiff in error relies upon the 20th section of the chapter on "Conveyances" in the Revised Statutes of 1845, p. 107. That section provides: "No judge or other officer shall take the acknowledgment of any person to any deed or instrument of writing as aforesaid, unless the person offering to make such acknowledgment shall be personally known to him to be the real person who, and in whose name such acknowledgment is proposed to be made, or shall be proved to be such by a credible witness, and the judge or officer taking such acknowledgment shall, in his certificate thereof, state that such person was personally known to him to be the person whose name is subscribed to such deed or writing, as having executed the same, or that he was proved to be such by a credible witness (naming him)," &c. That chapter was amended by the act of February 11, 1853, the first section of which provides: "That no deed, mortgage, or other instrument of writing, heretofore executed, or hereafter to be executed, by husband and wife, in good faith, for the purpose of conveying or incumbering the estate of the husband, or the estate of the wife, or the right of dower in any lands situate in this state, and acknowledged by them before any officer authorized by the laws of this state to take acknowledgments, shall be deemed, held, or adjudged invalid, or defective or insufficient in law, by reason

of any informality or omission in setting forth the particulars of the acknowledgment, before such officer as aforesaid, in the certificate thereof: *Provided, however,* That it appears in substance, from such certificate, that the parties executing said deed, mortgage, or other instrument of writing, executed the same freely and voluntarily; and that in case of married women executing the same, it appear in substance, that they knew the contents of said deeds, mortgages, or other instruments of writing, and that they were examined by the officer aforesaid, separate and apart from their husbands." 1 Adams & Durham, 185.

It was said in *Lindley* v. *Smith,* 46 Ill. 523, 527, that the requirement that the certificate should show that the person acknowledging it was personally known to the officer to be the person whose name is subscribed to the deed, or was proved to be such, by a credible witness, was one of substance and salutary in its operation, and was not dispensed with by the act of 1853; and that "it is the acknowledgment of the *feme covert* which is the operative act to pass her title." See also *Murphy* v. *Williamson,* 85 Ill. 149, 152. Assuming this to have been the settled law of Illinois when the deed in question was executed, and that the case, on this point, is governed by the Revised Statutes of 1845, the result claimed by the plaintiff in error does not follow. The cases cited do not sustain the objection to the certificate of acknowledgment. In *Lindley* v. *Smith* — one of the cases relied upon by the plaintiff in error — there was no language in the certificate of the wife's acknowledgment from which it could be inferred that she was either personally known to him, or was proved by a witness to be the person who had as wife signed the deed. To the same class belong the cases of *Heinrich* v. *Simpson,* 66 Ill. 57, and *Coburn* v. *Herrington,* 114 Ill. 104, 107. The officer's certificate in this case states that "personally came Christina Lynn and William Lynn, her husband, known to me to be the persons who executed the foregoing instrument, and acknowledged the same to be their free act and deed." This is, in substance, a statement that they came before the officer and were personally known to him to be the real persons who in fact subscribed and acknowledged the deed.

The objection that the officer's certificate does not state that she was informed of the contents of the deed — if it have any force whatever under the statute of 1847, permitting the non-resident *feme covert* to acknowledge her deeds as if she were unmarried — is not well taken. The certificate shows that she executed the deed freely and without force or compulsion from the husband or from any one else, "fully understanding the contents" thereof. Besides, this defect, if it be one, is of the kind that was cured by the act of 1853, which only required it to appear, in substance, as it does here, that the deed was executed freely and voluntarily, and, in the case of a married woman, that she knew its contents and was examined separately and apart from her husband. She must have known, if, as certified, she fully understood the contents of the deed.

The judgment below was right, and is

*Affirmed.*