## SAYWARD *v.* DENNY.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 951. Submitted April 22, 1895. — Decided May 6, 1895.

When the validity of no treaty or statute of, or authority exercised under, the United States, nor of a statute of, or authority exercised under, any State, is drawn in question by a state court, it is essential to the maintenance of jurisdiction here that it should appear that some title, right, privilege, or immunity under the Constitution or laws of the United States was specially set up or claimed there, and that the decision of the highest

court of the State, in which such decision could be had, was against the title, right, privilege, or immunity so set up or claimed; and in that regard, certain propositions must be regarded as settled: 1. That the certificate of the presiding judge of the state court, as to the existence of grounds upon which the interposition of this court might be successfully invoked, while always regarded with respect, cannot confer jurisdiction to reëxamine the judgment below; 2. That the title, right, privilege, or immunity must be specially set up or claimed at the proper time and in the proper way; 3. That such claim cannot be recognized as properly made when made for the first time in a petition for rehearing after judgment; 4. That the petition for the writ of error forms no part of the record upon which action is taken here; 5. Nor do the arguments of counsel, though the opinions of the state courts are now made such by rule; 6. The right on which the party relies must have been called to the attention of the court, in some proper way, and the decision of the court must have been against the right claimed; 7. Or, at all events, it must appear from the record, by clear and necessary intendment, that the Federal question was directly involved so that the state court could not have given judgment without deciding it; that is, a definite issue as to the possession of the right must be distinctly deducible from the record before the state court can be held to have disposed of such Federal question by its decision.

Tested by these principles it is quite apparent that this writ of error must be dismissed.

MOTION to dismiss. This was an action at law brought by Arthur A. Denny and F. X. Prefontaine, as executors of the last will and testament of James Crawford, deceased, against William P. Sayward, in the Superior Court of Kitsap County, State of Washington, to recover moneys paid by James Crawford on a contract which he had executed as surety for William P. Sayward as principal. The complaint alleged that the contract referred to was executed by Sayward as principal, by and through his authorized agent, George A. Meigs, and by George A. Meigs, James Crawford, and William Harrington as sureties, and set it forth *in hæc verba,* it being an agreement for the purchase of logs of Dingwall and Haller, to be used in certain lumber mills belonging to Sayward. It was further averred that Crawford and Harrington had no interest in the contract and executed it only as sureties for the accommodation of Sayward; that afterwards Haller commenced an action thereon for the purchase price of the logs, against Crawford, Harrington, Meigs, and Sayward; that

Crawford and Harrington appeared in and defended the action, as did Meigs, and such proceedings were had therein that about November 3, 1882, Haller recovered judgment against Crawford, Harrington, and Meigs in the sum of $15,248.01 with costs; "that said Sayward was never served with process in said action, and never appeared in said action; that at all the times during the pendency of said action he was outside of the State (then Territory) of Washington, and was out of the jurisdiction of said court;" that Crawford died leaving a last will and testament, in which plaintiffs were named as executors; that the will was duly admitted to probate, and plaintiffs appointed and qualified and entered upon their duties as executors; that thereafter Haller presented his claim to said executors as a judgment creditor, and the executors were compelled to pay, and did pay, out of Crawford's estate for the use of defendant Sayward the sum of $9200, to apply, and it was applied, to the payment of the judgment; that Sayward had never repaid said sum of money to Crawford or his estate, or any part thereof, and it remained due with interest; that at the time the judgment was obtained, and at the time the cause of action accrued against Sayward, he was out of and absent from the State of Washington, and at no time since the cause of action accrued, until within a year prior to the commencement of the action, had Sayward returned or come into the State of Washington. To this complaint defendant demurred, on the ground that it did not "state facts sufficient to constitute a cause of action." The demurrer was overruled, and defendant excepted; and thereupon answered, denying the allegations of the complaint except that he was the owner of the mills for the manufacture of lumber mentioned therein; averred that he was never served with process in the original action nor appeared therein; and pleaded as affirmative defences, the statute of limitations and that the executors were discharged from their trust and were not competent to bring the action. The cause was tried by a jury, and, upon the verdict, the executors obtained a judgment against Sayward for the sum of $17,680.25, whereupon he appealed to the Supreme Court of the State of

Washington, alleging errors, and the judgment was by that court affirmed. The case is reported, in advance of the official series, 39 Pac. Rep. 119. A writ of error from this court was allowed by the Chief Justice of Washington, and a motion to dismiss was submitted.

*Mr. G. M. Emory* for the motion.

*Mr. Charles E. Shepard* opposing.

MR. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

As the validity of no treaty or statute of, or authority exercised under, the United States, nor of a statute of, or authority exercised under, any State, was drawn in question, it is essential to the maintenance of our jurisdiction that it should appear that some title, right, privilege, or immunity under the Constitution or laws of the United States was specially set up or claimed in the state court, and that the decision of the highest court of the State, in which such decision could be had, was against the title, right, privilege, or immunity so set up or claimed. And in that regard, certain propositions must be regarded as settled. 1. That the certificate of the presiding judge of the state court, as to the existence of grounds upon which our interposition might be successfully invoked, while always regarded with respect, cannot confer jurisdiction upon this court to reëxamine the judgment below. *Powell* v. *Brunswick County,* 150 U. S. 433, 439, and cases cited. 2. That the title, right, privilege, or immunity must be specially set up or claimed at the proper time and in the proper way. *Miller* v. *Texas,* 153 U. S. 535; *Morrison* v. *Watson,* 154 U. S. 111, 115, and cases cited. 3. That such claim cannot be recognized as properly made when made for the first time in a petition for rehearing after judgment. *Loeber* v. *Schroeder,* 149 U. S. 580, 585, and cases cited. 4. That the petition for the writ of error forms no part of the record upon which action is taken here. *Butler* v. *Gage,* 138 U. S. 52, and cases cited. 5. Nor do the arguments of counsel, though the opinions of the

state courts are now made such by rule. *Gibson* v. *Chouteau*, 8 Wall. 314; *Parmelee* v. *Lawrence*, 11 Wall. 36; *Gross* v. *U. S. Mortgage Co.*, 108 U. S. 477, 484; *United States* v. *Taylor*, 147 U. S. 695, 700. 6. The right on which the party relies must have been called to the attention of the court, in some proper way, and the decision of the court must have been against the right claimed. *Hoyt* v. *Sheldon*, 1 Black, 518; *Maxwell* v. *Newbold*, 18 How. 511, 515. 7. Or, at all events, it must appear from the record, by clear and necessary intendment, that the Federal question was directly involved so that the state court could not have given judgment without deciding it; that is, a definite issue as to the possession of the right must be distinctly deducible from the record before the state court can be held to have disposed of such Federal question by its decision. *Powell* v. *Brunswick County*, 150 U. S. 400, 433.

Tested by these principles it is quite apparent that this writ of error must be dismissed.

The errors assigned question the various rulings of the trial court, which were passed on and sustained by the Supreme Court, but of these, reference need be made to but two, namely, in respect of the admission in evidence of the judgment recovered by Haller against Crawford, and the exclusion of evidence offered to show that Sayward was not liable to Haller to the extent of the judgment recovered by Haller against Crawford. The contention is that the result of the rulings and decisions of the trial court in these respects, as affirmed by the Supreme Court, was to hold plaintiff in error conclusively bound by the judgment rendered against Crawford in an action "in which he was not a party and of which he had no notice;" and that this was in effect to deprive him of his property without due process of law, or to deny him the equal protection of the laws, and amounted to a decision adverse to the right, privilege, or immunity of plaintiff in error under the Constitution of being protected from such deprivation or denial.

But it nowhere affirmatively appears from the record that such a right was set up or claimed in the trial court when the

demurrer to the complaint was overruled, or evidence admitted or excluded, or instructions given or refused, or in the Supreme Court in disposing of the rulings below.

The Supreme Court treated the subject of the admission of the judgment as follows:

" The next contention grows out of the action of the court in admitting in evidence a copy of the judgment upon which the money sought to be recovered had been paid by plaintiffs. The reason for objecting to the introduction of this copy was that the defendant had not been served with process in the action, and could not be affected by the judgment. Authorities have been cited to establish the doctrine that one not served with process in an action is not bound by a judgment rendered therein; but they are none of them in point, under the circumstances of this case. A judgment against the sureties, rendered without their consent, and especially after a defence made in good faith by them, is at least *prima facie* sufficient to authorize them to recover of their principal the amount which they have been called upon to pay thereon; and if the principal had knowledge of the pendency of the action, even though he was not served with process therein, the judgment rendered against the sureties, without fault on their part, would be conclusive in an action by them to recover money which they had paid on account of such judgment."

And, as to the exclusion of evidence complained of, the Supreme Court said:

" The foundation of the next allegation of error is stated by the appellant as follows: ' In a suit by surety for subrogation, principal entitled to use every legal defence.' This is not an exact statement of the principle which it is claimed was negatived by the court upon the trial. The plaintiffs did not seek a technical subrogation to the rights of the plaintiff in the original action; they sought an independent recovery of money which they had paid on account of the defendant, and introduced the judgment only for the purpose of showing that such payment was not a voluntary one. As stated before, the weight of authority is to the effect that a judgment like the one sought to be introduced in the case at bar is at least

*prima facie* evidence as against the principal; and that it is conclusive unless some collusion or fraud upon the part of the surety is shown. The testimony offered by the defendant did not tend to show any such fraud or collusion, and, if it did, it was not competent under the pleadings. There was no sufficient allegation of fraud or collusion on the part of the sureties in the answer. Besides, we think the evidence disclosed a state of facts from which it could be fairly presumed that defendant had notice of the pendency of the former suit."

We are not called on to revise these views of the principles of general law considered applicable to the case in hand. It is enough that there is nothing in the record to indicate that the state courts were led to suppose that plaintiff in error claimed protection under the Constitution of the United States from the several' rulings, or to suspect that each ruling as made involved a decision against a right specially set up under that instrument. And we may add that the decisions of state tribunals in respect of matters of general law cannot be reviewed on the theory that the law of the land is violated unless their conclusions are absolutely free from error.

*Writ of error dismissed.*