**BONO v. UNITED STATES.**

No. 336.

Circuit Court of Appeals, Second Circuit.

July 25, 1940.

Harry Karsh, of New York City, for plaintiff-appellant.

John T. Cahill, U. S. Atty., of New York City (Clarence W. Roberts, Asst. U. S.

Atty., of New York City, of counsel), for appellee-defendant.

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff has appealed from a judgment of the District Court for the Southern District of New York which dismissed his complaint in a suit he brought, on February 16, 1939, as the beneficiary of a war risk insurance policy to recover certain monthly payments which became payable by reason of the death of the insured. The dismissal was on motion without trial on the merits solely on the ground that the suit was not brought within the statutory period allowed therefor.

■■ Though the appellant has briefed this appeal as though facts stated in the brief, but not shown by the record, may be given effect it is, of course, the record alone which controls as to the facts. Schley v. Pullman's Palace Car Co., 120 U.S. 575, 7 S.Ct. 730, 30 L.Ed. 789. That shows only such facts as were alleged in the complaint. For present purposes they are to be accepted as true and are, so far as now material, as follows: The plaintiff is a resident of the City of New York who had a brother, Joe Bono. This brother, a soldier in the United States army, applied for, and there was issued to him, a policy of war risk insurance payable in case of the death of the insured to the plaintiff as beneficiary in two hundred and forty monthly installments of $57.50 each. Joe Bono was killed in action on October 15, 1918 while the policy was in full force. On or about October 16, 1927 the defendant began to make monthly payments to the plaintiff as the beneficiary under the policy and continued to do so until September 16, 1938 when one hundred and thirty-two such payments had been made to him. Thereafter the defendant failed and refused to continue to make the remainder of the payments as provided by the policy though the plaintiff "has duly demanded payment of said amounts of insurance by filing a claim with the United States Veterans' Administration on the 25th day of October 1938, and said claim has been denied by a letter from Frank T. Hones, Administrator, Veterans' Administration, dated the 30th day of November 1938, and said defendant has refused to pay plaintiff any part thereof and a disagreement now exists herein".

■ The time within which a suit on this insurance policy could be brought is fixed by statute, 38 U.S.C.A. § 445, as a period within six years after the right accrued for which the claim is made or within one year after July 3, 1930, whichever is the later date. The making of a claim and a disagreement as to the claim must both be shown as conditions precedent to the jurisdiction to entertain the suit which is conferred upon the courts by the same statute. Provision is made for tolling the limitation of the statute for the period between the filing of a claim and its denial but it is obvious that that is of no consequence on this appeal if the statute had run before any claim was filed.

■ Since this suit was not brought within one year after July 3, 1930, it can only be maintained if brought within six years after the right accrued for which the claim is made. The statute also provides that "for the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded". That contingency was the death of the insured in 1918 and not the refusal of the government to pay installments which thereafter fell due. United States v. Towery, 306 U.S. 324, 331, 59 S.Ct. 522, 83 L.Ed. 678. No right accrued, therefore, within the six year period immediately preceding the filing of the claim as alleged. As the statute makes jurisdiction contingent upon a disagreement as to claim which must, of course, be made after an actionable right on which it is based has accrued and further limits the commencement of any suit thereon as above set forth, we can find no error in the judgment below. No effort was made below to amend the complaint to allege the timely filing of a claim. And we cannot presume, even though it does appear that some payments were made to the plaintiff, that any such claim was filed. Egan v. United States, 7 Cir., 80 F.2d 404. Nor can the United States be deprived by waiver or estoppel of the benefit of a time limitation made a condition upon the jurisdiction of the court. Munro v. United States, 2 Cir., 89 F.2d 614.

Judgment affirmed.