452 A.2d 521

**Albert SIRAVO**

**v.**

**AAA TRUCKING CORPORATION, Appellant.**

Superior Court of Pennsylvania.

Argued Jan. 5, 1981.

Filed Nov. 5, 1982.

Herbert Somerson, Philadelphia, for appellant.

Joseph L. London, Philadelphia, for appellee.

Before PRICE, WIEAND and HOFFMAN, JJ.

PRICE, Judge:

This is a negligence action in which appellant contends that appellee's evidence below was contrary to the "incontrovertible physical facts" doctrine of *Lessig v. Reading Transit & Light Co.,* 270 Pa. 299, 113 A. 381 (1921). Since we conclude that appellant's facts were neither evidence nor

"incontrovertible", we have no occasion to consider the applicability of the aforesaid doctrine and affirm.

The basic facts are not disputed. Appellee went to a diner at 10th and Russell Streets in Philadelphia on July 8, 1975 and parked his car on the west side of 10th Street. When appellee was leaving, a truck was stopped and seemingly parked alongside appellee's car. As appellee walked in between the two vehicles to enter the driver's side of his own vehicle, the truck allegedly moved, striking appellee in the back.

Appellant contends that it was physically impossible for the right rear of the truck to strike appellee while the truck was in the act of making a left turn. Brief for appellant at 5. By way of explanation, appellant further states:

It is a basic law of physics that a vehicle with fixed rear wheels and sterring [sic] on the front wheels, that a vehicle turning left will never cross over the right axis.

Brief for appellant at 5.

It is, however, an equally basic law of evidence that statements by counsel in briefs are not themselves evidence and not of record.[1] That, however, is the only repository of such statements on this appeal.

Appellant contended below that not only was appellant's evidence "physical" and "incontrovertible," but also that it was so well known and notorious throughout the community

---

1. *Sayward v. Denny,* 158 U.S. 180, 183–184, 15 S.Ct. 777, 778–779, 39 L.Ed. 941 (1895); *Schley v. Pullman's Palace Car Co.,* 120 U.S. 575, 578, 7 S.Ct. 730, 731, 30 L.Ed. 789 (1887); *In Re Legislative Route 1018, etc.,* 422 Pa. 594, 222 A.2d 906 (1966); *Spitzer v. Phila. Transp. Co.,* 348 Pa. 548, 36 A.2d 503 (1944); *Dile v. Dile,* 284 Pa.Superior Ct. 459, 426 A.2d 137 (1981); *Gee v. Eberle,* 279 Pa.Superior Ct. 101, 420 A.2d 1050 (1981); *Marine Bank v. Huhta,* 279 Pa.Superior Ct. 130, 420 A.2d 1066 (1980); *W.W. Grainger, Inc. v. W.C. Ruth & Sons,* 192 Pa.Superior Ct. 446, 161 A.2d 644 (1960); *Gontorski v. Grzyb,* 148 Pa.Superior Ct. 506, 25 A.2d 839 (1942); *Dougherty v. Wood,* 105 Pa.Superior Ct. 1, 158 A. 203 (1931); *City of Erie v. Pa. Pub. Util. Comm.,* 41 Pa.Commonwealth Ct. 194, 398 A.2d 1084 (1979); *Laspino v. Rizzo,* 40 Pa.Commonwealth Ct. 625, 398 A.2d 1069 (1979); 9 Goodrich-Amram, *Standard Pa. Practice,* Ch. 40, § 29 at 336, n. 19; 2 *Penna. Law Encyclopedia, Appeals,* § 261 at 390; *and see generally, Commonwealth v. Young,* 456 Pa. 102, 317 A.2d 258 (1974).

that the court could have and should have taken judicial notice of these matters. (N.T. 75). Thus, appellant presented no evidence either of the law of physics relied on, of the actual operation of the appellant's vehicle [2], or of the application of the law of physics to the facts *sub judice*. Since, at most, the court below was permitted to take judicial notice of only the law of physics itself, we hold that appellant's allegedly "incontrovertible physical evidence" was neither evidence nor incontrovertible.

■ The doctrine of judicial notice allows courts to dispense with the formal rigors of evidentiary proof regarding matters so well known and notorious throughout the community that even courts should not be ignorant of them until proven.[3] In this case, appellant contended below that the court should have taken judicial notice of the impossibility of the actual occurrence of the accident complained of.

■ The doctrine of judicial notice simply does not extend this far. While the court could have taken judicial notice of the law of physics itself, *to wit,* that a vehicle with front and rear wheels and steered by the front wheels will not, in making a left turn, cross over the right axis, that would not by any means establish the applicability of that law to this case or the impossibility of the accident complained of. Rather, at most, taking judicial notice of the law of physics involved creates a conflict in the testimony as to the actual operation of the truck by the driver, the appellee saying that the vehicle was operated in such a fashion as to strike him and the driver saying that the vehicle was operated so that it did not strike appellee.

**2.** While the parties stipulated below that the testimony of the driver "may also be submitted," (N.T. 3), and while the trial court stated, at the close of the evidence that he had the originals of the driver's deposition, (N.T. 79), it was not made a part of the record on this appeal. We assume that the driver testified that, at all pertinent times, he was either going straight or turning to the left and that he did not strike the appellee to the best of his knowledge.

**3.** *McCormick On Evidence,* § 328 at 757 n. 2 and §. 329 at 760.

This was plainly a disputed issue of fact of which judicial notice could not be properly taken. *Haber v. Monroe County Vocational Tech. School,* 296 Pa.Superior Ct. 54, 61, 442 A.2d 292, 296 (1982); *Chaplin v. Pelton,* 282 Pa.Superior Ct. 487, 490, 423 A.2d 8, 9 (1980). As Professor Davis has so well stated:

Nothing short of bringing facts into the record, so that an opportunity is allowed for cross-examination and for presentation of rebuttal evidence and argument, will suffice for disputed adjudicative facts at the center of the controversy.

Davis, "A System of Judicial Notice Based On Fairness And Convenience," *Perspectives of Law* (Pound ed. 1964).

That brings us to the second fallacy of appellant's arguments, *to wit,* appellant's evidence was simply not "incontrovertible" at all.[4] Surely, it was for the trier of fact to determine whether the accident complained of in fact took place or not. If the trier of fact concluded, as it apparently did, that the accident did in fact take place, there was also evidence from which the trier of fact could have concluded that that event was not of a kind that ordinarily occurs in the absence of negligence, that other responsible causes (including the conduct of the appellee) were eliminated by the evidence, that the indicated negligence was within the scope of appellant's duty to appellee and that therefore the doctrine of *res ipsa loquitur* applied, shifting the burden of proof. *See generally, McGowan v. Devonshire Hall Apartments,* 278 Pa.Superior Ct. 229, 420 A.2d 514 (1980). While the driver may well have testified that he was only going straight or turning left, the trier of fact was certainly free to disbelieve that testimony.[5] The important point here is

4. In this posture, we do not find it necessary to decide whether the doctrine of "incontrovertible physical facts" was properly applicable to this case.

5. For example, in making the turn onto a small street, some drivers first turn slightly to the right to set up the left turn. Such activity, though we assume it was denied by the driver, would certainly explain the events recounted. The trier of fact was clearly free to conclude that something of this character occurred.

that the facts which the trier of fact found do not *compel* either conclusion. As this court said recently, quoting from the Pennsylvania Supreme Court:

> ... [N]o fact based on oral testimony is incontrovertible until it receives the imprimatur of a jury's acceptance.... *Vereb v. Markowitz,* 379 Pa. 344, 348, 108 A.2d 774.

*Densler v. Metropolitan Edison Co.,* 235 Pa.Superior Ct. 585, 596, 345 A.2d 758 (1975).

Judgment affirmed.

WIEAND, J., files a concurring statement.

WIEAND, Judge, concurring:

I concur with the majority that the evidence in this case was sufficient to permit an inference that appellant's driver negligently struck appellee as he was about to enter his parked automobile. However, I am unable to join that portion of the majority's opinion which holds that "res ipsa loquitur" is applicable to the facts of this case.