# CARO v. DAVIDSON.

## ERROR TO THE SUPREME COURT OF THE STATE OF FLORIDA.

No. 196. Submitted January 23, 1905.—Decided March 13, 1905.

Where the record discloses no title, right, privilege or immunity, specially set up or claimed under the Constitution, or any law of the United States, which was denied by the decision, nor any assertion of an infraction of any provision of the Constitution, and the right of review by this court is based on the contention that the validity under the Constitution of a state statute is necessarily drawn in question and sustained, the writ will be dismissed unless a definite issue as to the validity of such statute is distinctly deducible from the record and it appears that the judgment could not have rested on grounds not involving its validity.

THE facts are stated in the opinion.

*Mr. Hilary A. Herbert, Mr. Benjamin Micou, Mr. E. T. Davis* and *Mr. Simeon S. Belden* for plaintiff in error:

That by a necessary intendment there was drawn into question an act of the general assembly of Florida, approved May 30, 1901, repugnant to Sec. 10, Art. I of the Constitution of the United States, by reason of its being an *ex post facto* law, as applicable to the judgments of the judge. *Powell* v. *Brunswick County*, 150 U. S. 440, distinguished. See *Satterlee* v. *Matthewson*, 2 Pet. 409; *McCullough* v. *Virginia*, 172 U. S. 116; *Bridge Proprietors* v. *Hoboken L. & I. Co.*, 1 Wall. 142; *Furman* v. *Nichol*, 8 Wall. 56.

*Mr. William A. Blount* and *Mr. A. C. Blount, Jr.*, for defendants in error:

The record fails to show jurisdiction under § 709, Rev. Stat. No question which this court is entitled to review was presented to or decided by the state court.

The act of 1901 is not to be found adverted to in the record, and cannot for the purposes of the jurisdiction of this court be imported into it. No definite issue as to the validity of the statute is distinctly deducible from the record so as to present a Federal question. *Powell* v. *Brunswick County*, 150 U. S. 640.

If the decision of the state court could have been made without deciding upon the validity of the statute, this court has no jurisdiction. *McQuade* v. *Trenton*, 172 U. S. 640; *Hammond* v. *Johnson*, 142 U. S. 73.

No decision of the state court in favor of the validity of the statute is on the record. *Dibble* v. *Bellingham*, 163 U. S. 71.

The necessity for the assertion of the claim on the record and the principles which govern the court in requiring that the record shall show jurisdiction, are well settled.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Plaintiffs in error filed their petition in the Circuit Court

of Escambia County, Florida, in April, 1901, for the vacation of certain interlocutory and final decrees rendered March 5, 1887; April 4, 1887, and January 17, 1889, in favor of complainants, in a certain cause thereinbefore pending, on the ground that the said orders and decrees were null and void, because the judge by whom they were entered was the husband of the sister of one of the complainants, having at the time living children, the issue of their marriage; it being also averred that the relationship was not known until February, 1901.

Defendants in error set up by answer two defenses: (1) That the original cause was carried to the Supreme Court of Florida and there examined upon its merits, and a decree rendered affirming the decree below. (2) That the wife of the Circuit Judge had died ten years prior to the bringing of that suit.

The petition to vacate the decree was denied July 13, 1901, by the Circuit Court, and its decree to that effect was affirmed by the Supreme Court, November 17, 1903 (the case having been submitted March 31, 1902), whereupon this writ of error was allowed, and comes before us on a motion to dismiss for want of jurisdiction.

The state Supreme Court delivered no opinion in affirming the decree denying the petition to vacate, and the record discloses no title, right, privilege or immunity specially set up or claimed under the Constitution or any law of the United States, which was denied by the decision; nor any assertion of an infraction of the Fourteenth Amendment, or any provision of the Constitution. But it is said that by necessary intendment the validity of an act of the general assembly of Florida of May 30, 1901, was drawn in question as repugnant to the Constitution of the United States, and its validity sustained. The act referred to provided that section 970 of the Revised Statutes of Florida was thereby amended so as to read: "Any and all judgments, decrees and orders heretofore or hereafter rendered in causes where the disqualifications appear of record in the cause, shall be void, but where the dis-

qualification does not so appear, they shall not be subject to collateral attack." Session Laws, Florida, 1901, p. 39.

The contention is that the judgment of the Supreme Court proceeded upon this act, which was invalid, if so applied, because *ex post facto*, and that, therefore, this court has jurisdiction, inasmuch as the validity of the act was thus drawn in question and its validity sustained. Yet no definite issue as to the validity of that statute was distinctly deducible from the record, no decision in favor of its validity appeared therefrom, and the judgment might have rested on grounds not involving its validity.

Whether the Supreme Court of Florida, if it sustained the decree of the Circuit Court in denying the petition on either of the grounds set up in defense, committed error cognizable here, or whether the act referred to was applied as asserted in contravention of the Constitution of the United States, we are not called on to consider, since we do not find that any Federal question was so raised, on the petition or in the proceedings thereunder, at the proper time and in the proper way, as to give us jurisdiction under section 709 of the Revised Statutes. *Mutual Life Insurance Company* v. *McGrew*, 188 U. S. 291, 307, 308; *Powell* v. *Brunswick County*, 150 U. S. 433; *Sayward* v. *Denny*, 158 U. S. 180.

*Writ of error dismissed.*