# SEABOARD AIR LINE RAILWAY *v.* DUVALL.

## ERROR TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 304. Argued April 30, 1912.—Decided June 10, 1912.

To give this court jurisdiction under § 709, Rev. Stat., it must appear upon the record, and not by certificate of the judge, that a right under the Constitution or laws of the United States was set up and denied. While such a certificate may make more certain the fact that the Federal right was asserted and denied, it is insufficient to confer jurisdiction if the record itself does not show the fact. *Louisville & Nashville R. R.* v. *Smith,* 204 U. S. 551.

The fact that a case in the state court asserts a claim based on a Federal statute, does not give this court jurisdiction to review the judgment under § 709, Rev. Stat., if none of the exceptions are based on the refusal of the court to make a definite construction of the act as requested by the plaintiff in error.

Where the case comes up under § 709, Rev. Stat., this court is not one of general review. It can reëxamine only those rulings which denied Federal rights specially set up.

It is the duty of counsel asking in the state court for a particular construction of a Federal statute involved in the case to put the request in such definite terms that the record will show that it was a claim of Federal right specially set up as required by § 709 in order to give this court jurisdiction.

The trial court is not under obligation to give special charges based on only a part of the evidence.

Where the only defense to an action for personal injuries by an employé of an interstate railway carrier is contributory negligence on the part of the plaintiff in going into a car in violation of a rule requiring him to remain in another car, no construction of the provision of the Employers' Liability Act that the employé can only recover if injured while employed by the carrier is involved which is reviewable by this court, unless the request is definitely set up as a Federal right specially asserted and denied.

Excepting to a part of the charge by saying that an employé's going from the baggage car into the express car of a train is such an act that a reasonably prudent man would not have done under the cir-

OCTOBER TERM, 1911.

cumstances does not raise specific questions as to the construction of the Employers' Liability Act under which the action was brought and give this court jurisdiction to review under § 709, Rev. Stat.

Writ of error to review 152 No. Car. 524, dismissed.

THE facts, which involve the jurisdiction of this court under § 709, Rev. Stat., to review the judgment of a state court in a case brought under the Federal Employers' Liability Act, are stated in the opinion.

*Mr. Walter H. Neal* and *Mr. Benjamin Micou*, with whom *Mr. Hilary A. Herbert, Mr. Richard P. Whiteley* and *Mr. E. T. Cansler* were on the brief, for plaintiff in error:

This court has jurisdiction.

The case was a civil action instituted by defendant in error against plaintiff in error under the Federal Employers' Liability Act of 1908.

The record itself is the best evidence that the suit was instituted under the act.

No specific reference is made in the complaint to the Federal act by name, but under the rules of pleading this was neither necessary nor proper. *Emerson* v. *St. Louis & H. Ry. Co.*, 111 Missouri, 161; *Kansas City, M. & B. R. Co.* v. *Flippo*, 35 So. Rep. 457; 138 Alabama, 487.

If the allegations of the complaint show that the action is based on a public statute not penal, it is sufficient, without counting on or reciting the statute. *Peru* v. *Barrett*, 100 Maine, 213; *Voelker* v. *Chicago Ry. Co.*, 116 Fed. Rep. 867; Thorton's Employers' Act, § 175; *Missouri Pacific Ry. Co.* v. *Brinkmeier* (Kansas), 93 Pac. Rep. 622; *Kan. City M. & D. R. R. Co.* v. *Flippo*, 35 So. Rep. 460; *Lemons* v. *L. & N. R. R. Co.* (Ky.), 125 S. W. Rep. 702.

Whether the complaint sufficiently charges a cause of action under the Federal statute is one of pleading and

is necessarily governed by the state practice.  *Hancock* v. *Railroad,* 124 Nor. Car. 222; see also 20 Ency. of Pleading & Practice, p. 594 and notes.

The case was tried by the trial court of North Carolina under this Federal statute.

Evidence was offered and admitted to establish the contention of plaintiff in error on the issues joined in the complaint and answer.

The charge, as given by the court, would find no place in an action under the North Carolina statute, or at common law.

The highest court of the State, the Supreme Court, reviewed the case under this Federal statute.

The opinion of that court may be examined to ascertain whether the Federal question was presented and passed upon.  *San Jose Land Co.* v. *San Jose Ranch Co.,* 189 U. S. 180; *Grosse* v. *Mortgage Co.,* 108 U. S. 477; *Fire Association* v. *New York,* 119 U. S. 110.

Even where the Federal question was first raised in a petition for a rehearing, after the case had been decided adversely by the Supreme Court of the State, this court has taken jurisdiction.  *Mallett* v. *St. North Carolina,* 181 U. S. 592; *Leigh* v. *Green,* 193 U. S. 85.

The writ of error was granted by the Chief Justice of the Supreme Court of North Carolina, upon a petition that declared that the case was brought under the Federal statute, and that Federal questions were presented, and the construction placed thereon was adverse to the construction asked by the plaintiff.  *Illinois* v. *McKendree,* 203 U. S. 525; *Rector* v. *City Bank,* 200 U. S. 405, 412; *Marvin* v. *Trout,* 199 U. S. 21.

The case must have been tried under the Federal act and not under the state law.

The act supersedes both the common and statutory law of the several States bearing on the subject covered by said act.  *Fulgham* v. *Middling Valley R. R. Co.,* 167

Fed. Rep. 662; *Dewberry* v. *So. Ry. Co.*, 175 Fed. Rep. 307; *Clark* v. *So. Pac. Co.*, 175 Fed. Rep. 122; *Cound* v. *Atchison, T. & S. F. Ry. Co.*, 173 Fed. Rep. 527; *Lemon's Admr.* v. *L. & N. Ry. Co.*, 125, S. W. Rep. 103; *State* v. *Tex. & No. R. R. Co.*, 124 S. W. Rep. 984; *Calhoun* v. *Cent. of Ga. Ry. Co.*, 67 S. E. Rep. 274.

The suit was brought and the case tried in the state courts under the Federal act. If so, then presumably the proceedings had at the trial are properly referable to that act, and the rights and liabilities of the respective parties arise under the act. The plaintiff below alleged in his complaint, and offers evidence in support of the allegation, that he was injured while actually employed by the receivers of the plaintiff in error in interstate commerce. That is, while actually engaged in discharging the duties of a baggage master. This having been his allegation, it follows that if he recovers it must be upon proof conforming to said allegation. He could not sue under the Federal statute and recover at common law.

Plaintiff in error does not ask the court either to go into any controverted questions of fact, or to pass on the admissibility of any evidence excluded from the jury, but contends that it was entitled to instructions construing the law as applicable to admitted evidence in its aspect most favorable to the plaintiff in error.

Where a party relies upon an act of Congress, and the questions construed by the court, and upon which the case turned, were whether the party had brought himself within the scope of that act, a Federal question is presented. *San Jose Land Co.* v. *Ranch Co.*, 189 U. S. 177; *St. L. I. M. & S. R. Co.* v. *Taylor*, 210 U. S. 281.

The Federal question was properly and seasonably presented in the court below.

Where a servant departs from the sphere of his assigned duties, the relation of master and servant is considered as temporarily suspended, and his position then becomes

that of a trespasser or a bare licensee. Thornton, Employers' Liability, § 24; 2 Labatt, Master & Servant, § 629; White on Personal Injuries, § 227; 3 Elliott on Railroads, § 1303.

*Mr. William C. Douglass* for defendant in error.

Mr. Justice Lurton delivered the opinion of the court.

This was an action by an employé of the plaintiff in error to recover damages for severe and permanent personal injuries alleged to have been received while in its service. The plaintiff alleged that he was baggage-master and flagman on one of the defendant's passenger trains, running from Portsmouth, Virginia, to Monroe, North Carolina. That a head-on collision occurred with another of defendant's trains, whereby plaintiff and others were injured, and that the collision was due to the negligence of defendant's officers and agents. The answer was, in substance, a general denial for want of knowledge. There was a jury, verdict and judgment for the defendant in error, which was later affirmed by the Supreme Court of the State. This writ of error was allowed by the Chief Justice of that court upon the ground that "there was drawn into question a right, privilege or immunity claimed by the railroad company under a statute of the United States, and the decision was against such right, privilege or immunity so claimed and specially set up by said defendant," etc. Such a certificate is, however, not sufficient to confer jurisdiction to review the judgment of a state court under § 709, Revised Statutes. That there was set up and denied some claim or right under the Constitution or a statute of the United States must appear upon the record, and such a certificate is only of value to make more definite or certain that the Federal right was definitely asserted and decided. *Sayward* v. *Denny*, 158

U. S. 180, 183; *Louisville & Nashville R. R. Co.* v. *Smith*, 204 U. S. 551.

The Federal question relied upon to sustain the writ of error to this court concerns the construction and application of the Employers' Liability Act of April 22, 1908, 35 Stat. 65, c. 149. Neither the complaint nor the answer makes any direct reference to that act; but the complaint did allege that the railroad company was operating a line of railroad between Portsmouth, Virginia, and Monroe, North Carolina, and that the plaintiff while in its employment as baggage-master and flagman upon a passenger train running between said points was negligently injured by a head-on collision. This states a ground of action under that act and it was so assumed by the trial court, as appears from that part of the charge relating to the effect of contributory negligence, as well as from some of the questions made in the Supreme Court of the State.

That the collision was due to negligence was conceded. The only defense which seems to have been made was that under the rules of the company, the plaintiff was required to remain in the baggage car; but that he was hurt while in the express car, a place where, it is claimed, his duty did not call him, and therefore, he was not injured while employed in the service of the company, or engaged in any duty his employment devolved upon him.

The case was submitted upon these issues, and the finding of the jury upon each was as follows:

"1. Was the plaintiff injured by the negligence of the defendant? Answer. Yes.

"2. Was the plaintiff's injury caused by his contributory negligence? Answer. No.

"3. What damage is the plaintiff entitled to recover? Answer. $30,000."

Four requests for special charges, which bear upon this defense and which were denied, have been assigned here

as error reviewable by this court. They were as fol-
lows:

"1. That where an employé undertakes' to do some-
thing not his duty to do, the master is not negligent; and
if the jury shall find by the greater weight of the evidence
that the plaintiff was acting outside of the scope of his
employment when he was injured, they will find the first
issue 'No.'

"3. That as the plaintiff admits that he was in the
express car at the time of his injuries, and as the rules of
the receivers of the defendant (of which he admits he had
that notice) required him to remain in the baggage car,
when not engaged in flagging the train, the burden is upon
the plaintiff to satisfy the jury by the greater weight of
evidence, that when he went into said express car, and
was injured, he was engaged in the discharge of the duties
of his employment, and if he has failed to so satisfy the
jury, you will answer the first issue 'No.'

"4. That unless the jury shall find by the greater
weight of the evidence that when the plaintiff went into
the express car, he understood that he was going there to
discharge some of the duties of his employment, the
defendant's negligence in causing the derailment of
said car would not be the proximate cause of the
plaintiff's injuries, and the jury will answer the first
issue 'No.'

"6. The admitted rules of the receivers of the defend-
ant required the plaintiff to remain in the baggage car
when not engaged in flagging the train, and the plaintiff
had no right to go into the express car in violation of the
provisions of the said rules, unless the conductor ordered
him to do so for the purpose of discharging some one of
the duties of his employment; and unless the jury shall
find by the greater weight of the evidence that when the
conductor told the plaintiff to go with him into said car,
he thereby understood that the conductor wished him to

go to discharge his duties as an employé of the defendant, the jury will answer the first issue 'No.'"

The plaintiff in error also excepted to a part of the court's charge which was in these words:

"If you find from the evidence that the plaintiff had no right to go into the express car; that he was not where he should have been; and you further find that he would not have been injured but for his going into the express car, *and that his going into the express car was such an act on his part that a reasonably prudent man ordinarily would not have done under the circumstances of the situation*, then he would be guilty of contributory negligence, and it would be your duty to answer the second issue 'Yes.' If you do not so find, it would be your duty to answer the second issue 'No.'"

Not one of the requests asks any definite construction of any part of the Employers' Liability Act, or, indeed, contains any reference whatever to the act.

They are based alone upon the admitted facts that at the time of the collision the plaintiff was in the express car, and that there was a rule of the company requiring him to be in the baggage car. They assume that in being in the express car he was where he had no right to be, and that if injured while there the jury must acquit the company of negligence and upon that issue find for the railroad company. The requests take no account of the legal effect of other evidence in the case. Thus, there was evidence tending to show that the express car was used for through baggage, and that baggage was often received from the platform into the express car, and carried to the adjacent baggage car. There was also evidence tending to show that the rule referred to was not enforced, and that the baggage-master and express messenger frequently exchanged work, and that this was known to the conductor, who made no objection. There was also evidence tending to show that both the conductor and the

plaintiff had gone to the express car, either upon the call of the messenger or for a social purpose, the plaintiff in either event going by direction or on invitation of his immediate superior, the conductor of the train. Any question as to whether his being in the express car at the moment of the collision either contributed to the collision or to the injury he sustained, as well as any consideration of the question whether he was in any way negligent in being there, as being in a place of greater danger than if in the baggage car, was ignored.

The trial court was under no obligation to give special charges based upon but a part of the evidence—charges which, in effect, took from the jury every question save the single fact that plaintiff was, when hurt, in the express car, and that there was a rule which required him to remain in the baggage car.

But the plaintiff in error now urges that it was entitled to have construed that provision of the Employers' Liability Act which requires that a plaintiff to recover under it must have been injured "while he was employed by such carrier in such commerce," and that the requests denied were applicable to the evidence which tended to show that he had ceased to be such an employé, because he was not, at the moment of the injury, engaged in the conduct of interstate commerce, or at the place where his duty required him to be. That the plaintiff was in the general employment of an interstate railroad, and at the time was the baggage-master of one of its trains running from one State to another, was shown by all the evidence. If his employment had been terminated, it was solely because he had momentarily gone into the adjacent express car. If he was injured while employed about something which it was not his duty to do, it was solely due to the fact that he had gone into that car either under direction or with the consent of his conductor.

This case does not come here from a Federal court and

we are, therefore, not a court of general review. It comes under § 709, Rev. Stat., and the power to review a judgment of a state court is limited and defined by that provision. The sole ground upon which our jurisdiction is invoked is found in the third clause of the section, which provides that, "when any title, right, privilege or immunity is claimed under the Constitution, or any treaty or statute . . . and the decision is against the title, right, privilege or immunity specially set up or claimed, . . . may be reëxamined or reviewed. . . ."

This action was brought under an act of Congress. If the act has been erroneously construed and exceptions saved, or if a particular construction to which the party asking was entitled, was denied, a right has been denied under the statute, and the question may be reviewed by this court. In *St. Louis, I. M. & S. Ry.* v. *Taylor,* 210 U. S. 281, 293, it was said:

"Where a party to litigation in a state court insists, by way of objection to or requests for instructions, upon a construction of a statute of the United States which will lead, or, on possible findings of fact from the evidence may lead, to a judgment in his favor, and his claim in this respect, being duly set up, is denied by the highest court of the State, then the question thus raised may be reviewed in this court. The plain reason is that in all such cases he has claimed in the state court a right or immunity under a law of the United States and it has been denied to him. Jurisdiction so clearly warranted by the Constitution and so explicitly conferred by the act of Congress needs no justification. But it may not be out of place to say that in no other manner can a uniform construction of the statute laws of the United States be secured, so that they shall have the same meaning and effect in all the States of the Union."

That case came from a state court from a judgment against the plaintiff in error in an action under the Safety

Appliance Act. But in that case the Federal question was specially set up and definite rulings had upon definite questions requiring a construction of the act. Thus the court concludes the paragraph above set out by saying (p. 293):

"The defendant, now plaintiff in error, objected to an erroneous construction of the Safety Appliance Act, which warranted on the evidence a judgment against it, and insisted upon a correct construction of the act, which warranted on the evidence a judgment in its favor. The denials of its claims were decisions of Federal questions reviewable here."

It was the obvious duty of counsel, if they wished any particular construction of the act, to put the request in such definite terms as that the attention of the court might be directed to the point, and the record here should show that the right now claimed was the right "specially set up" and denied by the court. "It must appear on the face of the record that it was in fact raised; that the judicial mind of the court was exercised upon it; and then a decision against the right claimed under it." Or, at all events, it must appear from the record that there was necessarily present a definite issue as to the correct construction of the act, so directly involved that the court could not have given the judgment it did without deciding the question against the contention of the plaintiff in error. *Maxwell* v. *Newbold,* 18 How. 511, 515; *Sayward* v. *Denny,* 158 U. S. 180; *Gillis* v. *Stinchfield,* 159 U. S. 658; *Speed* v. *McCarthy,* 181 U. S. 269, 275, 276; *Gaar, Scott Co.* v. *Shannon,* 223 U. S. 468, decided at present term. In *Appleby* v. *Buffalo,* 221 U. S. 524, 529, this court said:

"This court has had frequent occasion to say that its right to review the judgment of the highest court of a State is specifically limited by the provisions of § 709 of the Revised Statutes of the United States. This right of review in cases such as the one at bar depends upon an

alleged denial of some right, privilege or immunity specially set up and claimed under the Constitution, or authority of the United States, which it is alleged has been denied by the judgment of the state court. In such cases it is thoroughly well settled that the record of the state court must disclose that the right so set up and claimed was expressly denied, or that such was the necessary effect, in law, of the judgment. *Sayward* v. *Denny,* 158 U. S. 180, 183; *Harding* v. *Illinois,* 196 U. S. 78; *Waters-Pierce Oil Co.* v. *Texas,* 212 U. S. 86, 97."

Passing now to the error assigned to a paragraph in the general charge, the part objected to and assigned as error is the clause italicized. It was a part of the general charge in respect of contributory negligence. It was limited to the separate issue submitted to the jury as to such negligence.

It is not easy to see why the mere going into the express car would be negligent unless the conditions were such as to be an act of imprudence which a reasonable man would not have done. But this we pass by as pertaining to the merits. In any event the exception did not raise any specific question as to the proper construction of the act under which this action had been brought.

The jury was in explicit terms told that if they found the plaintiff guilty of contributory negligence it would not bar a recovery, but that the damages assessed must be diminished in proportion to the amount of negligence attributable to the plaintiff. This was in pursuance of the statute. The jury specially found that the plaintiff had not been guilty of contributory negligence.

In conclusion, we are of opinion that neither the instructions denied nor that objected to are sufficient to raise any Federal question which this court may review.

*The motion to dismiss the writ for want of jurisdiction is therefore granted.*