## CHICAGO, R. I. & P. RY. CO. v. HESSENFLOW.

No. 8952—Opinion Filed Jan. 22, 1918.

Rehearing Denied March 5, 1918.

(170 Pac. 1161.)

1. **Master and Servant—Negligence — Presumption and Burden of Proof.**

In an action by an employe against his employer, the fact of the accident carries with it no presumption of negligence on the part of the employer, but such negligence is an affirmative fact for the injured employe to establish by the evidence.

2. **Same — Action for Injury — Appliances —Question for Jury.**

Evidence examined, and held insufficient to justify the submission of the case to the jury.

3. **Commerce — Railroads — Federal Employers' Liability Act —. "Interstate Commerce."**

Where the undisputed evidence shows that at the time of the alleged injury, the defendant company was engaged in interstate commerce, and that the plaintiff, who was brakeman on one of the defendant's freight trains, was injured on a freight car loaded with cotton which was being shipped to a point in another state. but to be taken to a point within this state for the purpose of compressing in transit, held, that both plaintiff and defendant were at the time of the injury engaged in interstate commerce, and the action was governed by Federal Employers' Liability Act of April 22, 1908, c. 149, 35 Stat. 65 (U. S. Comp. St. 1916, §§ 8657—8665).

4. **Same—Federal Employers' Liability Act —Conflicting State Laws.**

In an action by an employe against an interstate carrier to recover damages for personal injuries received while engaged in interstate commerce, constitutional and statutory provisions in this state, which are in conflict with the Federal Employers' Liability Act are inapplicable.

5. **Master and Servant—Federal Employers' Liability Act—Assumption of Risk.**

Under the federal Employers' Liability Act the law of assumption of risk is that of the common law as it existed prior to the passage of said act, except where the common. carrier violates the provisions of any statute enacted for the safety of its employes; and where the evidence is undisputed and the injury not caused, as in this case, by any violation of such statutory provisions for the protection of employes, the question of assumption of risk is one of law.

6. **Same.**

The servant of an interstate carrier, while engaged in interstate commerce, assumes all of the ordinary risks of his employment

which are known to him, or which could have been known with the exercise of ordinary care to a person of reasonable prudence and diligence under like circumstances.

(Syllabus by Pope, C.)

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by E. W. Hessenflow against the Chicago, Rock Island & Pacific Railway Company for damages for personal injuries. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with instructions.

W. H. Moore, C. O. Blake, R. J. Roberts, John E. Du Mars, and L. S. Dolman, for plaintiff in error.

Ledbetter, Stuart & Bell, for defendant in error.

Opinion by POPE, C. On the evening of the 23d day of September, 1914, a Rock Island freight train was in Hastings, Okla., and its crew was engaged in picking up several box cars from a side track and attaching them to the train on the main line track. The engine having coupled to the cars on the side track and the forward movement started by the engine, E. W. Hessenflow, a brakeman, went on top of the cars and attempted to release the hand brake of the rear car. The brake was tightly set, and the brakeman, releasing it by grasping the brake wheel and kicking loose the retaining latch, was caught by the recoil of the brake, thrown from the top of the car to the ground, and sustained the injuries complained of. He recovered judgment in the district court, and the defendant company brings the case here for review.

The plaintiff's claim of negligence is two-fold: Negligence in the brake wheel being too small and not sufficiently high above the level of the car top, and negligence in the brake being set too tight. Abstractly stated, the plaintiff claims negligence: First, in improper equipment; and second, improper operation.

There was practically no conflict in the evidence. The plaintiff testified that the brake wheel was 14 to 16 inches above the running board on the top of the car. This is the only evidence in the record which has any relation to defective equipment. Clearly, this is not sufficient as a matter of law to raise a question of fact for the jury as to defective equipment. A plaintiff seeking to establish negligence in the use of improper equipment, will not often be able to establish such negligence by proof which is limited to a mere description of the equipment used, neither the court nor the jury could determine from a mere description whether an appliance is so defective that its use is negligence. There may be extreme cases where the description of an appliance will show that it is dangerous and is negligence; but this is not one of them. The plaintiff failed in his proof when he failed to bring the appliance complained of in comparison with the proper appliance in such a manner as to show the dangerous and negligent character of the appliance complained of.

There is evidence in the record showing that the hand brake was tightly set, but no competent testimony to show that the defendant was responsible for such condition. The uncontradicted testimony of the plaintiff was that hand brakes are often tightly set, and that such condition could arise in three different ways: (1) By application of the hand brake in conjunction with the air brake; (2) moving the cars while the hand brake is set; (3) use of a club or brake-stick.

Apparently the plaintiff's theory was that the brake is question was set with a club, as there was evidence that a certain brakeman running through Hastings sometimes used a stick in setting hand brakes. However, there was no evidence tending to show that he ever used a stick on the brakes of this particular car. There is no evidence in the record from which one could hazard even a guess as to how the brake became set unusually tight on this particular car. It may have been the incident of the train's operation; a brakeman may have tightened it with a club; it may have been set by hand in conjunction with the air brake. There being no evidence showing how the brake came to be set unusually tight, and it could have been in that condition without negligence on the part of the defendant company, the court was clearly in error in submitting the question to the jury unless this failure of proof is supplied by that rebuttal presumption, to which the law has attached the name of "res ipsa loquitur." Which doctrine this court has repeatedly held does not apply in this jurisdiction where the relation of master and servant exists. St. L. & S. F. Ry. Co. v. Snowden, 48 Okla. 115, 149 Pac. 1083; C. R. I. & P. Ry. Co. v. Jackson, 61 Okla. 146, 160 Pac. 736: M., K. & T. Ry. Co. v. Forman, 174 Fed. 377, 98 C. C. A. 281; Midland Valley Ry. Co. v. Fulgham, 181 Fed. 9, 104 C C. A. 151, L. R. A. 1917E, 1.

In the case of Phoenix Printing Co. v. Durham, 32 Okla. 575, 122 Pac. 708, 38 L. R. A.

(N. S.) 1191, this court, passing on this question, laid down the following rule:

"In an action by an employe against his employer, the fact of accident carries with it no presumption of negligence on the part of the employer, but such negligence is an affirmative fact * * * to be established by the evidence."

The plaintiff in error further contends that by submitting the case to the jury the court denied to it privileges and immunities guaranteed to it by the Constitution and the laws of the United States, thereby claiming immunity granted it by the act of Congress of April 22, 1908 (35 Stat. at L. 65, c. 149), commonly known as the federal Employers' Liability Act.

Is the case under consideration to be measured by the state or federal law? This question is to be determined by the preliminary question as to whether or not both the plaintiff and defendant were engaged in interstate commerce at the time of the injury. At the time of the trial the parties to the action entered into the following stipulation:

"It is stipulated and agreed between the parties that the car which plaintiff was handling at the time of his injury was a carload of export cotton for Galveston, to be taken to Waurika for the purpose of compressing in transit. That Mr. Hessenflow was, at the time of receiving his accident, in the employ of the Chicago, Rock Island & Pacific Railway Company, which railway company was engaged in interstate commerce."

From the facts set forth in said stipulation there can be no question but that the case is governed by and involved the liability of the defendant under the federal Employers' Liability Act. St. Louis Iron Mountain Ry. Co. v. McWhirter, 229 U. S. 265, 33 Sup. Ct. 858, 57 L. Ed. 1179; Seaboard Air Line Ry. Co. v. Duvall, 225 U. S. 477, 32 Sup. Ct. 790, 56 L. Ed. 1171; St. Louis, Iron Mountain & Southern R. R. Co. v. Taylor, 210 U. S. 281, 28 Sup. Ct. 616, 52 L. Ed. 1061; Seaboard Air Line Ry. Co. v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475; Southern Railway Co. v. Crockett, 234 U. S. 725, 34 Sup. Ct. 897, 58 L. Ed. 1564; C. R. I. & P. Ry. Co. v. Wright, 239 U. S. 548, 36 Sup. Ct. 185, 60 L. Ed. 431.

Both plaintiff and defendant being engaged at the time in interstate commerce and the plaintiff by allegation and proof has brought his case within the Employers' Liability Act of April 22, 1908 (35 Stat. at L. 65, c. 149) U. S. Comp. Stat. 1916, §§ 8657-8665, hence the provision of section 6, art. 23 (section 355, Williams' Ann. Const.),

making the defense of assumption of risks in all cases whatsoever a question of fact for the jury, has no application in this case, and under the operation of said act the law applicable to such defense is that of the common law as it existed prior to the passage of said act, except where the carrier violates the provisions of some statute enacted for the safety of its employes. There is no contention made that plaintiff's right of action grows out of or is based upon the violation of any such statute.

The uncontradicted evidence of the plaintiff shows that tightly set brakes on freight cars standing on a side track are not unusual, and that before he went up on the car upon which he was injured, he knew from the noise made by the brakes when the engine moved the cars that the brakes were set; that it is necessary to set hand brakes on cars left on side tracks, and is the regular practice; that he sometimes found brakes set so tight that he could not release them by himself, and that under such circumstances he called for help; that he did not call for help this time, because he thought he could release the brake himself, and that there is always a recoil to a released hand brake, and the tighter the brake is set the greater the recoil. It seems that the plaintiff better than any one else knew the conditions under which he was working, and the dangers incident thereto.

This court in the case of C. R. I. & P. Ry. Co. v. Hughes, 64 Okla. 74, 166 Pac. 411, announced the following rule:

"The servant assumes all of the ordinary risks of his employment which are known to him, or which could have been known with the exercise of ordinary care to a person of reasonable prudence and diligence under like circumstances."

Applying this rule to the facts in this case, we are forced to the conclusion that it was the duty of the court to declare as a question of law that the plaintiff had assumed the risk and could not recover.

The case is therefore reversed and remanded, with instructions to grant a new trial.

By the Court: It is so ordered.