HARTFORD FIRE INS. CO. v. KANSAS CITY, M. & O. RY. CO. OF TEXAS et al.

(District Court, N. D. Texas, at Amarillo. June 12, 1918.)

No. 149.

1. REMOVAL OF CAUSES ⬅19(5)—"JURISDICTION"—"ARISING UNDER THE CONSTITUTION OR LAWS OF THE UNITED STATES."

An action for injuries to an interstate shipment of live stock is governed by the various acts regulating commerce, and so is one arising under the Constitution or laws of the United States within Judicial Code, § 28 (Comp. St. 1916, § 1010), providing for removal of such causes, and section 24 (section 991), giving the District Courts jurisdiction of such causes; that is, the right to hear and determine the same.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Jurisdiction; Arising under the Constitution or Laws.]

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. REMOVAL OF CAUSES ⬅25(1)—PETITION—REFERENCE TO FEDERAL LAW.

    A petition seeking to recover for injuries to a shipment of cattle, alleging that the cattle were shipped from one state to another, though making no specific reference to any federal law, states an action arising thereunder, as the various acts regulating commerce govern.

At Law. Action by the Hartford Fire Insurance Company against the Kansas City, Mexico & Orient Railway Company of Texas and others, begun in state court and removed to the federal court. On motion for remand. Motion denied.

    Templeton & Milam, of Ft. Worth, Tex., for the motion.
    Turner & Dooley, of Amarillo, Tex., opposed.

ERVIN, District Judge. [1] This suit is brought in a state court for the loss of and injury to shipment of cattle from Ft. Stockton, in the state of Texas, to Casper, in the state of Wyoming. The case was removed to this court on the application of the defendant, on the ground that it is a suit arising under a law of the United States.

    Section 28 of the Judicial Code provides that:

    "Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States * * * of which the District Courts of the United States are given original jurisdiction by this title, which may now be pending or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the District Court of the United States for the proper district." Act March 3, 1911, c. 231, 36 Stat. 1094 (Comp. St. 1916, § 1010).

In order to remove, therefore, two things must concur: First, the suit must arise under the Constitution or a law of the United States; and, second, the federal court must have jurisdiction to try such suit.

    Jurisdiction is the right to hear and determine a case, and in the instant case jurisdiction is given by section 24 of the Judicial Code, in the following words:

    "The District Courts shall have original jurisdiction as follows: Of all suits of a civil nature, at common law or in equity, * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of three thousand dollars, and (a) arises under the Constitution or laws of the United States." Comp. St. 1916, § 991.

What is meant by the words "arising under" the laws of the United States? It is contended here that the case cannot be removed from the state court to the federal court, unless the petition or complaint filed in the state court shows that there is a dispute or controversy as to the proper meaning or construction of a federal law; that this is the meaning of the term "arising under" a federal law; that it is not enough that the federal law controls or regulates the right of recovery. Is it necessary, therefore, for there to be a dispute as to the construction of the statute in order to make a suit "arise" thereunder? It does not seem so to me. It seems to me a suit arises under a law when it is brought to enforce the provisions of or liability thereby given, or is controlled as to the right of recovery by the provisions of such law. To say it does not arise under a law, unless there is a dis-

pute as to the construction or meaning of the law, seems to me to be a misnomer; for, if it is held that the law does not apply to the facts set up, then such suit cannot arise under it, but must arise under some other law. Thus a case would be removed, not because it arose under a federal law, but to determine whether it did or did not so arise. The statute does not so read.

It seems to me the contention defeats itself, because the right of removal would depend not upon whether the cause of action arose under a federal law, but would depend upon whether there was a dispute as to whether the federal law applied to the facts or did not apply to the facts. This would be an entirely different ground for removal from that named in the act. The act does not say a case may be removed if there be doubt as to whether the federal law controls; but, on the contrary, it is specific that there is a right to remove if the controversy arises under a federal law. If, therefore, the holding should be that the provisions of the law did apply and control, then certainly the suit does arise under it. Therefore it follows that, if its removability is to depend on whether there be a dispute as to the meaning of the law, then where the holding is that its terms do not apply this would also require a decision that the federal court has no jurisdiction, and such suit, though removed, must be dismissed. This result must necessarily follow, because the same term, "arise" under the Constitution or laws of the United States, is used in both the statute conferring jurisdiction and that providing for removal, so that the court would have no jurisdiction to remove unless it would also have jurisdiction to try.

Again: It would be presumed that the term "arising under," where used in various places in the act, would naturally be given the same construction in each place, unless the context was such as to necessarily require a different construction. Section 24 of the Judicial Code, after making the provision above quoted and then providing as to various other causes for jurisdiction, concludes as follows:

"Provided, however, that the foregoing provision as to the sum or value of the matter in controversy shall not be construed to apply to any of the cases mentioned in the succeeding paragraphs of this section."

"Fifth. Of all cases arising under any law providing for internal revenue, or from revenue from imports or tonnage, except those cases arising under any law providing revenue from imports, jurisdiction of which has been conferred upon the Court of Customs Appeals.

"Sixth. Of all cases arising under the postal laws.

"Seventh. Of all suits at law or in equity arising under the patent, the copyright, and the trade-mark laws.

"Eighth. Of all suits and proceedings arising under any law regulating commerce, except those suits and proceedings exclusive jurisdiction of which has been conferred upon the Commerce Court."

In the face of the provisions contained in these paragraphs of section 24, would it be contended that, if a suit should be brought in a state court under the provisions of the federal laws regulating internal revenue, or postal laws, or the patent laws, or the law regulating commerce, the District Court would have no right to remove it or to try it after removal?. Yet the same term, "arising under," is used in each of these paragraphs as conferring jurisdiction upon the court. No

one will deny that the federal court has no jurisdiction to remove a case if it has not jurisdiction to try it after being removed, for such a trial would be a mere nullity.

Now, taking up some of the cases which are cited by the movant as supporting the proposition above stated, let us make a number of quotations from them, and see whether the quotations so made are not in conflict with the contention made. In C., R. I. & P. Ry. Co. v. Martin, 178 U. S. 250, 20 Sup. Ct. 856, 44 L. Ed. 1055, and Carson v. Dunham, 121 U. S. 426, 7 Sup. Ct. 1030, 30 L. Ed. 992, it is said:

"Before, therefore, a Circuit Court can be required to retain a cause under this jurisdiction, it must in some form appear upon the record, by a statement of facts, 'in legal and logical form,' such as is required in good pleading, that the suit is one which really and substantially involves a dispute or controversy as to a right which depends upon the construction or effect of the Constitution, or some law or treaty of the United States."

In State of Tennessee v. Union & Planters' Bank, 152 U. S. 460, 14 Sup. Ct. 656, 38 L. Ed. 511, it is said:

"And under section 2 of that act, which provided that any suit of a civil nature, at law or in equity, brought in any state court, 'and arising under the Constitution or laws of the United States, or treaties made or which shall be made under their authority,' might be removed by either party into the Circuit Court of the United States, it was held sufficient to justify a removal by the defendant that the record at the time of the removal, showed that either party claimed a right under the Constitution or laws of the United States."

In the case of Shulthis v. McDougal, 225 U. S. 569, 32 Sup. Ct. 706, 56 L. Ed. 1205, it is said:

"A suit to enforce a right which takes its origin in the laws of the United States is not necessarily, or for that reason alone, one arising under those laws, for a suit does not so arise unless it really and substantially involves a dispute or controversy respecting the validity, construction, or effect of such a law, upon the determination of which the result depends."

Now, it will be seen that in each of these cases the court states, as a determining factor, that the suit must involve a dispute or controversy respecting the validity or construction or *effect* of such federal law. This is a much broader proposition than that contended for in the motion. There are cases which hold as contended for, but, in the face of the many broader and more reasonable holdings, I shall not follow them.

Seaboard A. L. Ry. Co. v. Duvall, 225 U. S. 477, 32 Sup. Ct. 790, 56 L. Ed. 1171, was a case of a writ of error from the Supreme Court to a state Supreme Court, to review the decision of such court in a suit to recover damages for personal injuries, because of the alleged negligence of the defendant. While the question there and here differ in some respects, I do not think there would be any difference as to when the federal question is involved under the allegations of the complaint or petition. In that case Mr. Justice Lurton, speaking for the court, says:

"The federal question relied upon to sustain the writ of error to this court concerns the construction and application of the Employers' Liability Act of

April 22, 1908. * * * Neither the complaint nor the answer makes any direct reference to that act; but the complaint did allege that the railroad company was operating a line of railroad between Portsmouth, Va., and Monroe, N. C., and that the plaintiff, while in its employment as baggage master and flagman upon a passenger train running between said points, was negligently injured by a head-on collision. This states a ground of action under that act."

[2] The petition in this case makes no specific reference to any federal law, but does allege that the cattle were shipped from Ft. Stockton, in the state of Texas to Casper, in the state of Wyoming. In view of this holding, and what is said in the Stewart Case, to be referred to later on, I think the allegations of the complaint show a suit arising under a federal law.

It seems to me the whole question is conclusively settled by the very recent case of Southern Pacific Company v. Stewart, 245 U. S. 359, 38 Sup. Ct. 130, 62 L. Ed. 345. In that case the court states the plaintiff's contention, as contained in its complaint or petition, as follows:

"In this case the plaintiff sought to recover more than $3,000, and, in view of the allegations of the complaint, it may be conceded that, the action being for loss or injury to cattle shipped in interstate commerce for transportation by a common carrier, this suit is one which arose under a law of the United States, and might have been removed to a federal court on that ground."

The court then cites a number of cases on this proposition, and continues:

"The Carmack Amendment requires the carrier receiving property for transportation between points in different states to issue a receipt or bill of lading therefor, and makes the carrier liable to the lawful holder thereof for any loss, damage, or injury to such property. While there is no specific allegation in the complaint that such bill of lading or receipt was issued, as the law makes it the duty of the carrier to issue the same, the presumption is that such duty was complied with."

After citing authorities on that proposition, the court then says:

"While it thus appears that the suit might have been removed to the federal court because of the federal nature of the cause of action upon which it was brought, it was nevertheless within the jurisdiction of the state court, and that court might have proceeded to final judgment, had not the defendant seen fit to remove the suit to the federal court."

These statements, as contained in this case, are criticized by the movant as being dictum on the part of the court, because this question was not then before it, and the court had before it the question only of removal because of the diversity of citizenship, and not a removal because of a controversy arising under a law of the United States. Whether dictum or not, the court was manifestly stating its views upon this question, and in my opinion stated them correctly, and I am perfectly willing to rest my conclusion in the case upon such a statement, where it is so admirably made and covers the identical question—not only in principle, but under the facts now before me.

An order will be entered denying the motion to remand.